Mobile & Ohio Railroad Company *v.* Annie Bell Brandon.

[53 South. 957.]

1. Laws 1908, Chapter 196. *Code* 1906, *Section* 4070. *Constitution of United States.* *14th amendment.* *Penalties.*

Code 1906, section 4070 as amended by Laws 1908, chapter 196, requires railroads to settle claims for lost or damaged freight between two points on the same line within sixty days from the filing of written notice of loss and provides that where freight is handled by two or more roads, such claims shall be settled within ninety days from the filing of written notice with the agent by consignee at destination, and imposes a penalty upon the carrier for failure to settle within the time provided. *Held* that a shipper need not recover the full amount sued for in order to authorize the imposition of the penalty for delay in settlement.

2. Same.

The statute is not violative of the 14th Amendment to the Constitution of the United States relating to "equal protection," as it puts in one class all engaged in business of a special and public character, requires of them the performance of a duty, which they can do better and more quickly than others, and imposes a not exhorbitant penalty for a failure to perform that duty within a reasonable time and is therefore not a purely arbitrary classification.

Appeal from the circuit court of Monroe county.
Hon. Jno. H. Mitchell, Judge.
Suit by Annie Bell Brandon against the Mobile and Ohio Railroad Company. From a judgment for plaintiff,

defendant appeals. The facts are fully stated in the opinion of the court.

*J. M. Boone,* for appellant.

Because the court below refused to grant the second charge asked for by the defendant in the court below, the appellant is clearly entitled to have this case reversed. The second charge granted the plaintiff, and the second charge refused to the defendant, in the court below, were, both, based upon chapter 196 of the Acts of the legislature of 1908, page 205, wherein it is provided that common carriers are required to settle all claims for loss or damage to freight, when passing over two railroads, within ninety days after written notice, or else to be penalized the sum of twenty-five dollars. The second charge asked for by the defendant and refused by the court below, evidently declares the proper construction of this statute. We do not find where a similar statute has been passed upon by the courts, except in a case in 207 United States, it being a case from South Carolina construing a similar statute of that state by the supreme court of the United States, the case of *Seaboard Air Line* v. *Seegers,* 52 Lawyers Edition 108. In that statute it was provided that unless such consignee, or consignees, recovered the full amount claimed no penalty should be recovered, but only the actual amount of the loss or the damages, with interest. Our statute does not have this provision, and unless the court interprets that provision in the statute it would be unconstitutional for the reason that it would be taking property without due process of law, for it cannot be that the legislature would intend that a railroad company should pay an unjust claim or else be penalized for not doing so. If this is not to be engrafted on the statute, then it would be easy for parties to hold up common carriers of the state by always adding to their claim for loss or damage twenty-five dollars, or the amount of the penalty, as a condition of settlement with-

out litigation, for the reason that if they should sue and recover any amount they would be entitled to recover the twenty-five dollars penalty also. The legislature did not intend that the railroad company should be required to pay an unjust claim, or else be penalized, and the courts will not require the payment of an unjust claim to prevent penalty.

We contend that the legislature of Mississippi had in mind the language used by the supreme court of South Carolina, in the case of *Best* v. *Seaboard Air Line*, 72 S. C. 479, 52 S. E. 223, as quoted by the supreme court of the United States in the *Seeger case*, 52 L. Ed. 108, *supra*, as follows:

"The object of the statute was not to penalize the carrier for merely refusing to pay a claim, within the time required, whether just or unjust, but the design was to bring about a reasonably prompt settlement of all proper claims, the penalty in case of a recovery in a court, operating as a deterrent of the carrier in refusing to settle just claims, and as compensation of the claimant for the trouble and expense of the suit which the carrier's unreasonable delay and refusal made necessary."

It is no answer in this case to say that the plaintiff recovered all of its claim sued for except ten dollars, because the railroad company ought not to be required to pay even ten dollars unjustly, or any other amount, in order to get rid of a penalty. The railroad company had the right to refuse to pay the claim regardless of how much it was exorbitant, because it was unjust, and if it was unjust in any amount, the legislature cannot be charged with requiring the unjust portion to be paid under a penalty; and the courts will not require an unjust claim to be paid, regardless of how much or how little the unjust portion thereof may be, in order for the railroad company to prevent being penalized.

Therefore, we say, if the court is not empowered to interpret this statute by holding that it only refers to

the non-payment of a just claim, then it would neces-
sarily follow that the statute is unconstitutional, because
without that interpretation it would require the payment
of an unjust claim, with penalty attached for non-pay-
ment; so that under either horn of the dilemma, the court
erred in refusing to grant this second charge to the jury
asked for by the defendant in the court below, and as we
contend the court made a reversible error.

*Paine & Paine,* for appellee.

The ingenuity of counsel for appellant reaches its
climax when it seeks to reverse the case on the point
that the Acts of 1908, page 205, is unconstitutional.

To sustain this contention the case of *Seaboard Air
Line* v. *Seegers,* 207th United States, as reported in 52nd
Lawyers Edition, page 107, is relied upon. A casual con-
sideration of that case discloses the fact that that opinion
simply dealt with and construed the South Carolina act
and pronounced it to be within the limits of Constitution-
ality, not because alone of the proviso in said act to-wit:
"That no penalty should be recovered unless the full
amount claimed was recovered in the suit," but also and
primarily because it was not class legislation. In that
case Justice Brewer characterizes the South Carolina
act as constitutional and asserts that it was not an act
imposing a penalty for the non-payment of debts. He
says "that it may be stated as a general rule that an
act which puts in one class all engaged in business of a
special and public character requires of them the per-
formance of a duty which they can do better and more
quickly than others and imposes a not exorbitant penalty
for a failure to perform that duty in a reasonable time,
cannot be adjudged unconstitutional as purely arbitrary
classification."

The Mississippi act in 1908 differs only from the South
Carolina act in omitting the proviso that unless the full
amount claimed was recovered no penalty should be had;

this act of 1908, Miss., limits, however, the recovery of the penalty to claims of less than two hundred dollars. Justice Brewer in the Seegers case said, ''That it must be remembered that small shipments are the ones which especially need the protection of penal statutes like this and if a large amount is in controversy claimant can afford to litigate.

We invoke the law that a statute will not be declared void unless its invalidity is distinctly pointed out and clearly shown; see 51 Miss., page 735. Statutes are always presumed to be constitutional; and this presumption will be indulged in by the court until the contrary is clearly shown; see *Runnels* v. *State,* Walker, page 146. This rule is one of universal application; and the principle is equally well established that statutes will be construed, whenever it is possible to do so, so that they shall harmonize with the Constitution, to the end that they may be sustained; see 41 Miss., page 27, *Marshall* v. *Grimes.* Such a construction is regarded as a duty of the court in passing upon the constitutionality of an act of the legislature.

SMITH, J., delivered the opinion of the court.

Appellee shipped a lot of household goods from Indianola, Mississippi, a point on the Southern Railroad, to Gibson, Mississippi, a point on appellant's railroad. The goods were delivered to appellee by appellant in a damaged condition. Thereupon appellee requested appellant in writing to settle this damage, stating the amount thereof to be sixty dollars. Ninety days having expired without settlement having been made, this suit was instituted, resulting in a judgment in the court below for appellee in the sum of seventy-five dollars, being fifty dollars actual damage and twenty-five dollars statutory penalty for not settling the claim within ninety days. The statute providing for this penalty is chapter 196 of the Laws of 1908, and is as follows: ''Railroads, corpo-

rations and individuals engaged as common carriers in this state are required to settle all claims for lost or damaged freight which has been lost or damaged between two given points on the same line or system, within sixty days from the filing of written notice of the loss or damage with the agent at the point of destination; and where freight is handled by two or more roads or systems of roads, and is lost or damaged, claims therefor shall be settled within ninety days from the filing of written notice thereof with the agent by consignee at the point of destination. A common carrier failing to settle such claims as herein required shall be liable to the consignee for twenty-five dollars, damages in each case, in addition to actual damages, all of which may be recovered in the same suit; provided that this section shall only apply when the amount claimed is two hundred dollars or less.''

One of the assignments of error brings under review the action of the court in refusing appellant the following instruction: ''The court charges the jury that, while plaintiff includes in her suit an item of twenty-five dollars statutory penalty, yet the court instructs you that if you find that the damage to her property is less than sixty dollars, the account demanded of the defendant and sued for, then you will not allow any statutory penalty, but exclude the same from your verdict.'' Appellant's contention is that the statute must be construed to impose a penalty only in cases where the plaintiff recovers the full amount demanded, and unless this is done the statute would violate the fourteenth amondment to the Federal Constitution, in that it denies to carriers the equal protection of the laws. The statute contains no such limitation upon the right to recover the penalty, and we cannot ingraft such upon it. The statute, however, does not violate this amendment to the Federal Constitution. Its object is ''not to penalize a carrier for merely refusing to pay a claim within the time required, whether just or unjust'' (*Best* v. *Seaboard Air Line R. R. Co.,*

72 S. C. 479, 52 S. E. 223), and, "further, it must be remembered that the purpose of this legislation is not primarily to enforce the collection of debts, but to compel the performance of duties which the carrier assumes when it enters upon the discharge of its public functions." *Seaboard Air Line R. R. Co.* v. *Seegers,* 207 U. S. 78, 28 Sup. Ct. 30, 52 L. Ed. 108.

One of the duties of the carrier is to pay to the party entitled thereto the actual damage sustained by him on account of the loss of or damage to freight while in its possession. The penalty imposed is for the failure to perform this duty within sixty days, or ninety days, as the case may be. The claim contemplated by the statute is the actual amount due, and not necessarily the amount claimed by the party suffering the damage. All the carrier is required to do in order to be relieved of the penalty is to pay or tender within sixty or ninety days to the party entitled thereto the amount actually due. Should such tender be made and refused, the penalty cannot be collected. The amount of damage sustained can be as easily ascertained by the carrier as by the claimant; in fact, in the language of the Supreme Court of the United States, in *Seaboard Air Line R. R. Co.* v. *Seegers, supra:* "The matter to be adjusted is one peculiarly within the knowledge of the carrier. It receives the goods, and has them in its custody until the carriage is completed. It knows what it received, and what it delivered. It knows what injury was done during the shipment, and how it was done. The consignee may not know what was in fact delivered at the time of the shipment, and the shipper may not know what was delivered to the consignee at the close of the transportation. The carrier can determine the amount of the loss more accurately and promptly, and with less delay and expense, than any one else, and for the adjustment of loss or damage to shipments within the state forty days cannot be said to be an unreasonably short length of time. It may be

stated as a general rule that an act which puts in one
class all engaged in business of a special and public char-
acter, requires of them the performance of a duty which
they can do better and more quickly than others, and
imposes a not exorbitant penalty for a failure to perform
that duty within a reasonable time, cannot be adjudged
unconstitutional as a purely arbitrary classification.''

No tender having been made of the amount actually
due, the court committed no error in refusing this in-
struction. There is no merit in the other matters com-
plained of.

The judgment of the court below is therefore affirmed.

*Affirmed.*