(May 21, 1921.)

## DOCK MARRS, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[198 Pac. 468.]

CONSTITUTIONAL LAW—PENALTY FOR FAILURE TO PAY WAGES DUE ON DEMAND.

1. Under C. S., sec. 7380, a mechanic, artisan, miner, laborer, servant or employee cannot recover for attorney fees, in addition to his wages, when he has made demand in writing for an amount greater than is found to be due.

2. The penalty provided for in C. S., sec. 7381, may be recovered by an employee, although he demands a greater amount than is due from his employer.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County.    Hon. H. F. Ensign, Judge.

Action to recover wages, attorney fees and statutory penalty.    Judgment for plaintiff.    *Modified.*

Geo. H. Smith, H. B. Thompson and John O. Moran, for Appellant.

A defendant is denied due process of law, contrary to the provisions of the 14th amendment to the constitution of the United States, where he is penalized either in attorney's fees or additional wages under color of chap. 170, p. 565, Sess. Laws 1911, for refusing to pay an excessive demand. (*St. Louis Iron Mountain etc. Ry. Co. v. Wynne*, 224 U. S. 354, 32 Sup. Ct. 493, 56 L. ed. 799, 42 L. R. A., N. S., 102, see, also, Rose's U. S. Notes; *Pacific Mutual Life Ins. Co. v. Carter*, 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; *Pierce v. Chicago & Northwestern Ry. Co.*, 180 Iowa, 1385, 164. N. W. 182.)

2. Right of servant, on wrongful dismissal, to recover subsequently accruing wages, see notes in 13 **Ann. Cas.** 112; **Ann. Cas.** 1912B, 365; **Ann. Cas.** 1916A, 472.

C. O. Stockslager, for Respondent, cites no authorities.

RICE, C. J.—Respondent recovered judgment against appellant for the sum of $107.53 and $50 attorney fees in an action instituted to recover for wages as an employee. On January 17, 1918, respondent made written demand for $33.90. Appellant admitted in its answer that there was due respondent $24.01. By stipulation it was agreed that the actual amount due was $23.91. It seems to be conceded that at the time the written demand was made, the payment for wages was due. 'The remainder of the judgment was given for time after respondent ceased to work for appellant until suit was brought, during which he was without employment. Respondent was not discharged by appellant, but quit work of his own accord.

Respondent seeks to uphold the judgment by virtue of C. S., secs. 7380 and 7381. Section 7380 is as follows:

"Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish, by decision of the court or verdict of the jury, that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least five days before suit was brought, for a sum not to exceed the amount so found due, it shall be the duty of the court before which the case shall be tried to allow to the plaintiff a reasonable attorney's fee, in addition to the amount found due for wages, to be taxed as costs of suit."

Under this section the judgment for attorney fees cannot be sustained. In this case it cannot be determined from the judgment itself what portion of it the court found was due for wages, but in view of the record the greatest amount of the judgment which could represent wages due is the amount admitted by the answer, namely, $24.01. The written demand was for an amount exceeding any amount which could be found due for wages, and therefore under the

terms of the statute respondent was not entitled to judgment for attorney fees.

C. S., sec. 7381, is as follows: "Whenever any employer of labor shall hereafter discharge or lay off his or its employees without first paying them the amount of any wages or salary then due them, in cash, lawful money of the United States, or its equivalent, or shall fail or refuse on demand to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of his or its employees may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor: Provided, however, he shall cease to draw such wages or salary 30 days after such default."

The constitutionality of this statute when reasonably construed was upheld in *Olson v. Idora Hill Mining Co.*, 28 Ida. 504, 155 Pac. 291.

Respondent does not bring himself within the first alternative of the section, because he was not discharged or laid off by appellant.

The question presented under the second alternative is whether respondent may recover wages without rendering service therefor, when his demand is for an excessive amount, although the wages earned while in the employ of appellant was due when demand was made. This section of the statute, unlike the preceding one, does not in terms preclude recovery of the penalty in case excessive demand is made. It does not require that the demand be made in writing, nor that any amount should be named by the claimant.

In support of the contention that a demand for an excessive amount prevents a recovery of the penalty provided for in this section, and that otherwise the section must be held unconstitutional, appellant cites *St. Louis Iron Mountain etc. R. Co. v. Wynne*, 224 U. S. 354, 32 Sup. Ct. 493,

56 L. ed. 799, 42 L. R. A., N. S., 102, see, also, Rose's U. S. Notes; *Pacific Mutual Life Ins. Co. v. Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; *Pierce v. Chicago & N. W. R. Co.,* 180 Iowa, 1385, 164 N. W. 182.

In those cases the claims were for unliquidated damages for the destruction of property. In the case of *Chicago M. & St. P. R. Co. v. Polt,* 232 U. S. 165, 34 Sup. Ct. 301, 58 L. ed. 554, see, also, Rose's U. S. Notes, the plaintiff demanded $838.20. The railroad company offered $500, and plaintiff got a verdict for $780. The statute of South Dakota required the railroad company, within sixty days after notice, to offer in writing to pay a fixed sum, being the full amount of damages sustained, and if the owner refused to accept the offer, then in any action thereafter brought for such damages if such owner recovered less than the amount offered he could recover only his damages; otherwise, the railroad company should be liable for double the amount of damages actually sustained. The court, through Mr. Justice Holmes, said:

"No doubt states have a large latitude in the policy that they will pursue and enforce, but the rudiments of fair play required by the 14th amendment are wanting when a defendant is required to guess rightly what a jury will find, or pay double if that body sees fit to add one cent to the amount that was tendered, although the tender was obviously futile because of an excessive demand."

In such cases, however, if the claimant is able to forecast the action of the jury and does not demand an amount greater than that body finds his actual damage to have been, he is entitled to recover the penalty. (*Kansas City So. R. Co. v. Anderson,* 233 U. S. 325, 34 Sup. Ct. 599, 58 L. ed. 983, see, also, Rose's U. S. Notes.)

These considerations do not appear to be applicable in a case where the amount due is fixed by contract and may be determined by simple computation. The means of determining the amount due is within the control of the employer. He has the data at hand to enable him to determine in

each case the proper amount to be paid. He may relieve himself from liability for the penalty by tendering the proper amount. (26 R. C. L., p. 648, sec. 30; p. 652, sec. 34; *Mobile & Ohio R. Co. v. Brandon,* 98 Miss. 461, 53 So. 957, 42 L. R. A., N. S., 106.

That the employer has the means of knowing the amount due is a proper matter to take into consideration finds support in the case of *Seaboard Air Line R. Co. v. Seegers,* 207 U. S. 73, 28 Sup. Ct. 28, 52 L. ed. 110, see, also, Rose's U. S. Notes.

In the case of *Gulf C. & S. F. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255, 41 L. ed. 666, see, also, Rose's U. S. Notes, the court held a law which permitted recovery of attorney fees in certain actions against railroad corporations was invalid, on the ground that it denied to railroad corporations equal protection of the laws under the fourteenth amendment to the federal constitution. In the course of the opinion, however, there is the following paragraph:

"But a mere statute to compel the payment of indebtedness does not come within the scope of police regulations. The hazardous business of railroading carries with it no special necessity for the prompt payment of debts. That it is a duty resting upon all debtors, and while in certain cases there may be a peculiar obligation which may be enforced by penalties, yet nothing of that kind springs from the mere work of railroad transportation. Statutes have been sustained giving special protection to the claims of laborers and mechanics, but no such idea underlies this legislation. It does not aim to protect the laborer or the mechanic alone, for its benefits are conferred upon every individual in the state, rich or poor, high or low, who has a claim of the character described. It is not a statute for the protection of particular classes of individuals supposed to need protection, but for the punishment of certain corporations on account of their delinquency."

The statute we are considering is designed for the protection of laborers and mechanics and to prevent the neces-

sity of their being delayed in the collection of wages due upon ceasing their employment and the consequent loss of time while awaiting settlement for services rendered. It provides that upon failure of an employer on demand to pay any wages or salary due to his employee under a contract of employment, he shall be liable as therein provided. The liability arises not from a failure to pay the amount demanded, but from failure to pay any wages or salary due upon demand. (*Hindman v. Oregon Short Line R. Co.*, 32 Ida. 133, 140, 178 Pac. 837, 839.)

We think the statute is within the police power of the state and is constitutional, even though the claimant demand a greater amount than is due, unless the circumstances are such as to excuse a tender of the correct amount. In the case at bar, the record does not indicate that an offer to pay the amount actually due would have been refused.

The cause will be remanded with instructions to modify the judgment so as to eliminate the item for attorney fees, and as so modified will be affirmed. No costs awarded.

Budge and Dunn, JJ., concur.

LEE, J., Dissenting in Part.—I concur with that part of the majority opinion which holds that before an attorney's fee can be recovered under C. S., sec. 7380, it is necessary for the claimant to make demand in writing, five days before suit is brought, for a sum not in excess of the amount found due. Unless the plain terms of the statute are to be disregarded, I think no other conclusion can be reached.

I do not concur in that part of the opinion which holds that a party may recover the penalty provided by C. S., sec. 7380, before he has made demand for the amount due him, or where he has made demand for an amount in excess of what he claims. The purpose of this statute in allowing laborers to charge and collect thirty days' wages, at the rate agreed upon, without rendering any service therefor, if the employer fails or refuses ''upon demand to pay them in like money or its equivalent, the amount of any wages

or salary at the time the same becomes due and owing to them under their contract of employment,'' is to penalize the employer of labor for any expense, trouble or annoyance such employer may cause such laborers in failing and refusing to pay such wages ''on demand'' when the wages have been earned. Obviously, this statute means that the employee, before being permitted to recover pay for thirty days' labor, in addition to that which he has actually rendered, must make demand for the value of the labor he has performed.

Respondent, in the agreed statement of facts, admits that he demanded a sum in excess of what was due him. The words ''fail or refuse on demand'' have no other meaning than that a demand shall first be made, and a demand for a sum in excess of what the employee claims to be due him is not a demand within the meaning of the statute. Therefore there was no failure or refusal to pay ''on demand'' in this case, because no demand was made.

Statutes providing penalties similar to this, in the case of railroads, for their failure to pay for property injured or destroyed by trains, have frequently been passed upon, and it has quite generally been held that where a person has made demand for a sum in excess of what is subsequently found to be the value of the property injured or destroyed, the owner cannot recover the penalty. In *St. Louis I. M. & S. R. R. Co. v. Wynne*, 224 U. S. 354, 32 Sup. Ct. 493, 56 L. ed. 799, 42 L. R. A., N. S., 102, see, also, Rose's U. S. Notes, the owner demanded $500 damages, which the company refused to pay. He did not in his suit thereafter either claim or establish that he was entitled to this amount, and the jury fixed his damages at $400. The United States supreme court, in reversing the state court, said that the conclusion was unavoidable that the statute, as so construed and applied, was an arbitrary exercise of the powers of government, and violative of the fundamental rights embraced within the conception of due process of law; that instead of providing a reasonable incentive for prompt settlement,

without suit, of just demands, it attached onerous penalties to the nonpayment of extravagant demands, thereby making submission to them the preferable alternative, and that plainly this could not be done consistently with due process of law. It then approves the principle announced by an earlier decision from the court whose decision it was overruling, *Pacific Mutual Life Insurance Co. v. Carter*, 92 Ark. 378, 123 S. W. 384, 124 S. W. 764, wherein the Arkansas court held that the state statute providing that if a loss under a policy of insurance was not paid within the time specified, "after demand made therefor," the company should be liable in addition to the amount of the loss to twelve per cent damages and a reasonable attorney's fee. The insured demanded a sum in excess of what he subsequently recovered, and the court reversed the judgment and held that the statute contemplated that there should be a demand, saying, "A recovery for a penalty and attorney's fees cannot be had when complainant makes demand for more than he is entitled to recover. It could never have been the purpose of the legislature to make the insurance companies pay a penalty and attorney's fee for contesting a claim that they did not owe; such an act would be unconstitutional."

In *Pierce v. Chicago & N. W. R. R. Co.*, 180 Iowa, 1385, 164 N. W. 182, the court construed a statute making a railway company liable to the owner of any stock killed or injured, under conditions specified, and which further provided that if the company failed or neglected to pay such damages within thirty days after a notice in writing that a loss or injury had occurred, the owner would be entitled to recover double the amount of damages actually sustained by him. He demanded $200 as the value of the animal killed. The company refused to pay, and subsequently a jury found its value to be $190, and judgment was entered for $380, whereupon the company moved that judgment be entered for only the value as fixed by the jury. The appellate court said that the motion should have been sustained, and that to hold otherwise would in effect result in penal-

izing defendant for not yielding to an unjust demand. The statute did not in specific terms require the owner to demand the correct amount, but the court held that the owner having demanded an amount in excess of the value as found by the jury, the company, in refusing to pay such excessive claim, was guilty of no wrong, but was to be commended for not paying it, and thereby encouraging efforts at extortion, and cited the following authorities, which sustain this doctrine: *Chicago, M. & St. P. R. R. Co. v. Polk,* 232 U. S. 165, 34 Sup. Ct. 301, 58 L. ed. 554; *Kansas City S. R. Co. v. Anderson,* 233 U. S. 325, 34 Sup. Ct. 599, 58 L. ed. 983; *Missouri K. & T. R. R. Co. v. Cade,* 233 U. S. 642, 34 Sup. Ct. 678, 58 L. ed. 1135, see, also, Rose's U. S. Notes.

The majority opinion avoids the force of the rule announced in the foregoing cases, and endeavors to differentiate between the rule applicable to statutes where a penalty is prescribed for a failure to pay unliquidated damages and the one under consideration, by saying "these conditions do not appear to be applicable in a case where the amount due is fixed by contract, and may be determined by simple computation," and holds that under this statute a demand on the part of the laborer for the amount he claims to be due is unnecessary as a condition precedent to recovering the penalty, and that it is the duty of the employer to tender the amount due in order to escape the penalty. This distinction requires a refinement of reasoning that is neither sound nor logical. Where the amount of the claim is made definite and certain by the terms of the contract, a demand for the amount due can with more reason be required, than where it is for unliquidated damages.

Many classes of labor, such as caring for stock on the range, operating farms and the like, are not performed under the direct supervision of the employer, and frequently he does not know the exact amount he owes for such labor. The employee who performs this labor does know, but if he is not required to make a demand for the amount actually due, before subjecting his employer to this penalty,

the construction given to this statute permits and encourages him to make an extortionate demand, for if it be refused, he may still recover the penalty and the full amount found due.

This statute, when properly construed and applied, tends to promote fair dealing between the employer and the employee, and to compensate such employee for any loss occasioned by his employer negligently or wrongfully refusing to pay him "upon demand ·. . . . the amount of any wages or salary at the time the same becomes due and owing." But it was not intended to penalize the employer for thirty days' wages for which no services are rendered, unless he fails or refuses "upon demand"; and "demand," as used in this statute, means a demand for an amount not in excess of what the claimant is entitled to receive.

The case should be reversed and remanded, with instructions to also strike from the judgment the penalty allowed, because of the failure of the respondent to make the demand required by the statute.

McCarthy, J., concurs.