(December 30, 1921.)

FRANK ROBINSON, OLSIE BRO, J. BYRNE, GEORGE McDONALD, GEORGE KOPP, STEVE CHASSEN, DAVE HARRIER, MIKE CARTER, H. A. GILL, THOS. MURPHY and OLIVER DALEY, Respondents, v. ST. MARIES LUMBER COMPANY, a Corporation, and G. A. BRANSON, Appellants.

[204 Pac. 671.]

CLAIM FOR WAGES — ASSIGNMENT—PENALTY—REASSIGNMENT—EFFECT OF TENDER—STATUTORY CONSTRUCTION.

1. The purpose of C. S., sec. 7381, is to impose a penalty upon an employer in case of his failure to pay an employee wages earned, when due, after a proper demand has been made therefor. The right to recover such penalty is a personal right and cannot be assigned.

2. *Held*, that the time checks involved in this case are non-negotiable written contracts for the payment of money, within the meaning of C. S., sec. 6063.

3. Where one purchases and takes by assignment a claim for wages due, evidenced by a non-negotiable written instrument upon which a right of action would lie, the assignor is under no legal obligation to repurchase such time check from the assignee upon default of payment thereof by the maker, but it is the duty of the assignee to institute a suit against the maker of the time check, in accordance with the provisions of sec. 6064, for recovery of the money due thereon.

4. *Held,* that the voluntary repurchase of the time checks in controversy by the assignors thereof was not a repurchase of their claims for wages, but a purchase of non-negotiable instruments for the payment of money.

5. Upon the payment or tender of wages due, the running of the penalty provided by C. S., sec. 7381, is stopped, but the employee with a valid claim for wages still has the right to bring suit for so much of the penalty as had accrued from the time the wages became due up until the time when tender of payment was made.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. R. N. Dunn, Judge.

Action for wages and penalty. Judgment for plaintiffs. *Modified* and *affirmed.*

Cannon & Ferris, W. D. Keeton and J. B. Hogan, for Appellants.

On learning that the men had quit, the defendants, though wronged, hastened to pay off the men. The law demands no more than reason dictates. (*Wisconsin & Ark. Lumber Co. v. Reaves,* 82 Ark. 377, 102 S. W. 206.)

The tenders made on the 28th and 30th of June and on the 3d of July stopped the running of the penalty, if the statute applied to such a case. (*St. Louis Ry. Co. v. Bryant,* 92 Ark. 425, 122 S. W. 996; *St. Louis etc. Ry. Co. v. Paul,* 64 Ark. 83, 62 Am. St. 154, 40 S. W. 705, 37 L. R. A. 504; *St. Louis etc. Ry. Co. v. Pickett,* 70 Ark. 226, 67 S. W. 870.)

The claim of Olsie Bro had been sold to one Empey before trial, and he abandoned his suit and was entitled to no recovery. (*Seeley v. Mitchell's Assignee,* 85 Ky. 508, 4 S. W. 190; *Woodbridge v. Pratt etc. Co.,* 69 Conn. 304, 37 Atl. 688.)

The cause of action was not assignable. The claim of the penalty is personal. (*Wilson v. Shrader,* 73 W. Va. 105, Ann. Cas. 1916D, 886, 79 S. E. 1083; *Pardoe v. Iowa State Nat. Bank,* 106 Iowa, 345, 76 N. W. 800; *Lloyd v. First Nat.*

*Bank*, 5 Kan. App. 512, 47 Pac. 575; *Blake v. Griswold*, 104 N. Y. 613, 11 N. E. 137; *McBratney v. Rome etc. R. R. Co.*, 17 Hun (N. Y.), 385.)

Such statutes must be construed strictly, and unless the plaintiff claiming under them brings himself clearly within the letter of the law, he cannot recover. (*Younts v. Southwestern Tel. & Tel. Co.*, 192 Fed. 200; *Greely v. Thompson*, 10 How. (U. S.) 225, 13 L. ed. 397; *Tiffany v. National Bank*, 18 Wall. 409, 21 L. ed. 862; *Elliott v. East Pennsylvania R. Co.*, 99 U. S. 573, 25 L. ed. 292; *Providence Steam Engine Co. v. Hubbard*, 101 U. S. 188, 25 L. ed. 786; *Keppel v. Tiffin Sav. Bank*, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. ed. 790; *Erbaugh v. United States*, 173 Fed. 433, 97 C. C. A. 663.)

R. B. Norris, for Respondent.

The tender must be made for the full sum which the creditor is entitled to receive, and all necessary expenses incurred and damages suffered, and must be a correct sum to cover all such damages, indebtedness, etc. (38 Cyc. 137, 141, 142, 155.)

It does not appear that the amount tendered was a correct amount to cover even the wages actually earned, and the costs of filing the liens. It also appears from the testimony and records that the offer was made as an offer of settlement in full and not as wages actually earned. (26 R. C. L. 626, 631.)

BUDGE, J.—This is an action by respondents to recover from appellants wages earned as laborers in driving logs down the St. Maries River, and for the penalty provided for in C. S., sec. 7381.

On June 25, 1917, respondents ceased to labor and demanded their time from appellants' foreman in charge of the work. They were each given a statement of the amount due them, payable at the Lumbermen's State Bank, St. Maries. Thereupon they left the place of their employment and proceeded to the city of St. Maries, where respondents Steve Chasen, Geo. Kopp, J. Byrne, Oliver Daley and

Frank Robinson indorsed and delivered their respective time checks to Davis & Link, and received payment in full therefor. Respondents H. A. Gill, Dave Harrier and Thos. Murphy also indorsed and delivered their respective time checks to one Nelson, and received payment in full therefor. Davis & Link and Nelson delivered these time checks to the First National Bank of St. Maries for credit. Said bank presented said checks to the Lumbermen's State Bank for payment, but they were not paid, but returned to the First National Bank, and by the latter redelivered to Davis & Link and Nelson, who informed the above-named respondents that the time checks were not paid by the Lumbermen's State Bank, and requested respondents to take up the time checks, which they did. Thereafter, on June 26 or 27, 1917, respondents delivered these time checks to Attorney Norris for collection.

Respondent Olsie Bro made a written assignment of his time check to Davis & Link, whereby he bound himself to deliver to them when collected the amount of wages due him from appellants, and any additional wages due or to become due under the provisions of C. S., sec. 7381. There is evidence in the record to the effect that Bro subsequently made another assignment to one Empey. The trial court, however, found that Bro had not been paid the wages due him and there is some evidence to support this finding.

Respondents Mike Carter and Geo. McDonald delivered their time checks to Norris for collection, without having made any assignment thereof.

Thereafter this suit was brought, which resulted in a judgment in favor of each respondent for the amount of wages due, for 30 days' penalty at $6 per day, an attorney fee of $40, costs for verifying and fixing liens, and court costs. Labormen's liens having been filed by each of the respondents were found to be valid, and the judgment further provided for the foreclosure of the liens and the sale of the logs covered by the liens and application of the proceeds derived therefrom in payment of the various claims. This appeal is from the judgment.

C. S., sec. 6063, provides that: "A non-negotiable written contract for the payment of money . . . . may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement transfers all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement."

C. S., sec. 6064, provides that: "Every assignor, his heirs, executors or administrators, of every such instrument in writing, is liable to the action of the assignee therefor, his executors or administrators, if such assignee has used diligence, by the institution and prosecution of a suit against the maker of such instrument, or against his heirs, executors or administrators, for recovery of the money or property due thereon, or damages in lieu thereof; but if the institution of such suit would have been unavailing, or the maker had absconded or left, or was absent from the state when such assigned instrument became due, or absconds within 20 days thereafter, such assignee, his heirs, executors or administrators, may recover against the assignor, or his heirs, executors or administrators, as if due diligence by suit had been used. By 'due diligence' shall be understood the institution of suit within 60 days after the maturity of the obligation."

The time checks upon which the judgment rests are non-negotiable written contracts for the payment of money, within the meaning of sec. 6063, *supra.*

When respondents indorsed and delivered their time checks to Davis & Link and Nelson, and received the amount due them for wages, they were no longer in a position to maintain an action for the recovery of the penalty provided for in C. S., sec. 7381. The purpose of the statute is to impose a penalty upon an employer for his failure to pay an employee wages earned, when due, after a proper demand has been made therefor. The right to recover the penalty prescribed by sec. 7381, *supra,* is a personal right, and cannot be assigned.

Davis & Link and Nelson purchased by assignment a claim against appellants, upon which a right of action

would lie. Respondents were under no legal obligation to repurchase these claims. It was the duty of respondents' assignees to institute a suit against the maker of the instruments for recovery of the money due thereon, under the provisions of C. S., sec. 6064. Respondents would not be liable to their assignees unless the institution of the suit would be unavailing, or the maker of the instruments had absconded or was absent from the state when such assigned instruments became due, or absconded within 20 days thereafter. By due diligence shall be understood the institution of such suit within 60 days after the maturity of the obligation. The repurchase of the time checks by respondents was voluntary, and was not a repurchase of the claim for wages, but a purchase of a non-negotiable instrument for the payment of money. The purchase of the claims by Davis & Link and Nelson was a voluntary act upon their part.

Coming now to respondents Mike Carter and Geo. McDonald, there is evidence in the record which supports the finding of the court that a demand was made for the wages due them under the terms of their contract. However, the judgment in their favor in its entirety cannot stand. The court found that on July 3, 1917, appellants tendered to R. B. Norris, attorney for the respondents, the full amount of wages due them on their time checks, but did not tender them the amount of the penalties claimed. This tender was refused. Upon the payment or tender of the wages, the running of the penalty provided by C. S., sec. 7381, stopped. The employee, however, still had the right to bring suit for the penalty that had accrued up to that time. (*St. Louis Ry. Co. v. Bryant*, 92 Ark. 425, 122 S. W. 996.) A tender has the same effect as payment.

These particular respondents were entitled to a judgment for the amount of wages due on the date demanded, and for the penalty up to and including the third day of July, 1917, at the rate of $6 per day, together with interest at the legal rate up to the time of tender, with costs for verifying and filing their respective liens, and attorney fees; while the other respondents were entitled to judgment

for the amount of wages due them, together with interest to the date of the entry of judgment, and their costs.

From what has been said it follows that the judgment appealed from should be modified as herein indicated, and when so modified will be affirmed. Costs awarded to respondents Mike Carter and Geo. McDonald.

Lee, J., and Featherstone, District Judge, concur.

Dunn, J., being disqualified, did not sit at the hearing nor participate in this opinion.

RICE, C. J., Dissenting.—I do not concur in that portion of the foregoing opinion, wherein it is held that payment or tender of the wages actually earned, without including in the tender or payment the amount of the penalty which has accrued at the date of the tender, stops the running of the penalty under C. S., sec. 7381. The statute provides that an employee "may charge and collect wages in the sum agreed upon in the contract of employment for each day his employer is in default until he is paid in full, without rendering any service therefor." There does not appear to be any room for doubt that payment in full has reference to the payment of the accrued penalty, as well as the wages actually earned. The construction placed on this statute by the majority opinion emasculates it. The case of *St. Louis R. Co. v. Bryant,* 92 Ark. 425, 122 S. W. 996, relied upon in the majority opinion, construes a statute of that state materially different from our own, and should not be considered an authority in the construction of our statute, but if it is thought that the two statutes are sufficiently similar to cause the Arkansas case to become such authority, it should not be followed in this jurisdiction.

Except as above stated, I concur.

McCarthy, J., concurs in the dissenting opinion.

Petition for rehearing denied.