(December 22, 1922.)

## ALBERT R. GOODELL, Respondent, v. POPE–SHENON MINING COMPANY, a Corporation, Appellant.

[212 Pac. 342.]

PLEADING AND PRACTICE—SEVERAL CAUSES OF ACTION UNITED—VERDICT OR FINDINGS SHOULD BE TO EACH CAUSE—WHEN AMOUNT FOUND EXCESSIVE—MUST BE REMITTED OR NEW TRIAL GIVEN—ATTORNEY'S FEES AND PENALTY UNDER C. S., SECS. 7380 AND 7381—WHEN NOT RECOVERABLE.

1. Where a mining foreman has direction of its operations at the mine, and from time to time renders statements to the company's home office in another state for his services and expenses and for the wages of persons he employs, all of which are paid upon demand and receipted for in full by such foreman, and upon a new foreman being employed he continues in the employment of the company for some six weeks, for which service he is paid in full, and then voluntarily quits the employ of the company, he cannot thereafter recover the penalty under C. S., sec. 7381, for the thirty days following his first employment, for the alleged reason that he was not paid for his services while foreman.

2. C. S., sec. 7381, must be reasonably construed; it is not the purpose of this statute to penalize an employer for a failure to pay an employee when such employee, after the termination of the employment for which he claims he was not paid, fails to make a proper demand.

3. No recovery can be had for attorney's fees under C. S., sec. 7380, unless the amount for which the employee has brought suit is justly due, and he has made a demand for this amount in compliance with the requirements of the statute.

4. Where several causes of action are united in the same complaint, if the cause is tried to a jury it should find upon each cause, or if any one of the causes is tried by the court, it should make a specific finding upon such cause.

Publisher's Note.

3. Statutory provision for attorneys' fees for failure to pay wages, see notes in 17 Ann. Cas. 282; 11 A. L. R. 897; 17 L. R. A., N. S., 910; L. R. A. 1915E, 943.

5. Where a verdict is rendered for a single amount, based upon a complaint setting up several distinct causes of action, and the amount of such finding shows that the jury must have found for plaintiff upon some of the causes wherein there was no evidence to support such a finding, the case will be remanded, with instruction to grant a new trial unless such excess be remitted.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, District Judge.

Action to recover wages, penalty and attorney's fee, and upon an account. From judgment for plaintiff, defendant appeals. *Conditionally affirmed.*

John H. Padgham and J. L. Eberle, for Appellant.

The statute does not contemplate that one who voluntarily quits an employment shall be paid extra wages for thirty days, nor does it contemplate that where one ceases to work for another, under an employment, and is paid all that is coming to him, under such employment, he may collect thirty days' wages on account of the employer owing him upon a former and different contract. The statute is in derogation of the common law and must be strictly construed in favor of the employer and against the employee, and when so construed, the awarding of the $150 for thirty days' work not performed is contrary to law and to the evidence. (C. S., sec. 7381; *Olson v. Idora Hill Mining Co.,* 28 Ida. 504, 155 Pac. 291; *Reineke v. People,* 15 Ill. 241; *Independent School Dist. No. 5 v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857; *Ex parte Rickey,* 31 Nev. 82, 135 Am. St. 651, 100 Pac. 134.)

The statute does not award an attorney's fee unless the plaintiff recovers the full amount claimed in his written demand. (C. S., sec. 7380.)

Whitcomb, Cowen & Clark, for Respondent.

Plaintiff was entitled to be allowed a reasonable attorney fee to be charged as costs, for failure and refusal to

pay claim of $138 alleged to be due under the first two causes of action of complaint. (C. S., sec. 7380.)

Plaintiff was entitled to wages for a period of 30 days after April 8, 1919. (C. S., sec. 7381; *Olson v. Idora Hill Mining Co.*, 28 Ida. 504, 155 Pac. 291.)

LEE, J.—This suit is upon five separate causes of action. The first is for services alleged to have been performed by respondent as foreman, at $6 per day, in breaking down, sacking and shipping ore from appellant's mine, situate in Lemhi county, and overseeing work in relation thereto, between the 2d and 25th days of February, 1919. The second cause is in *quantum meruit* for the same service. The third cause is for an attorney's fee, claimed under C. S., sec. 7381, which cause of action was subsequently abandoned, and the attorney's fee of $50 claimed therein was taxed as a part of the costs. The fourth cause is for a penalty at $5 per day for thirty days, claimed under C. S., sec. 7381, because of appellant's alleged failure to pay for the services performed by respondent during the month of February, at the time respondent ceased to work for appellant. The fifth cause is for an alleged balance due for personal property sold and delivered by respondent to appellant.

The answer denies the material facts upon which each cause of action is founded, and by way of counterclaim seeks to recover on account of an assigned claim for labor performed by one Morley for respondent, and also for a balance in money, received from appellant, which respondent had not expended on its account.

The jury returned a general verdict for $374.15, without indicating upon which causes of action this finding was made, but from the amount and also from the special finding that $138 was due for the services rendered in February, it is apparent that the verdict is made up of the amount claimed in the first or second causes of action for the services rendered in February as foreman, the $150 penalty for failure to pay the same, and $156.90 upon the fifth

cause of action, less appellant's counterclaim of $70.75. Judgment was entered upon this verdict, together with $50 attorney's fees taxed as a part of the costs.

Appellant moved for a new trial, on the ground of the insufficiency of the evidence to support the verdict, which motion was denied, and from the judgment and the order overruling the motion for a new trial this appeal is taken.

It appears that respondent had been in the employment of appellant for some time prior to February 2, 1919, at which time the president of the company, whose headquarters were in Salt Lake City, visited the mining property with respondent, and directed him to drill one round in the face of Tunnel No. 5, and sack and ship the ore to Salt Lake City for a test run of its value. This respondent proceeded to do, and broke down, sacked and shipped to the smelter about eight tons of ore between the 2d and 25th days of February, at which time appellant directed a Mr. Boulais to take charge of its affairs at the mine. He retained respondent, who continued in the employ of the company until about April 8th, at $5 per day. At that time respondent voluntarily quit the service of the company, and about the same time his wife gave up the company boarding-house and the supplies and other personal property were listed, appellant, through its foreman, agreeing to purchase the same. There is some discrepancy in the testimony as to what the exact purchase price was to be.

Appellant's principal office is located at Salt Lake City, and it issued pay checks in the form of vouchers, which purported to contain an itemized statement of the time and items for which such checks were issued. These checks or vouchers were made payable to the person or his order named therein, and read: "Do not indorse if not correct. When indorsed by payee, this check will constitute a full receipt for account as stated herein. Indorse here."

The first of these vouchers or checks, covering in part the period from February 2d to February 25th, the time for which respondent claims he has not been paid, and for which he also claims the thirty-day penalty under the provi-

sions of C. S., sec. 7381, and the $50 attorney's fee under
C. S., sec. 7380, taxed as costs, is dated February 20th, is
for $475, and contains the itemization: "In full to date,
footage, getting out logs, etc." It is indorsed below the
instruction above referred to. The second of these checks
is for $394.69, is dated April 8, 1919, drawn to the order
of respondent, and in like manner is indorsed by him, and
contains the items: "February to March pay-roll, $167.20;
Board $227.40."

The two remaining voucher checks of the same kind are
also to the order of respondent, and, among other things,
purport to be for services rendered by respondent in April,
and are likewise indorsed by respondent. They were identi-
fied, but not offered in evidence because of respondent's
admission that he was paid in full for services rendered in
March and April. After this offer was made, appellant's
counsel did not urge the admission of these last two
vouchers.

After respondent withdrew from the service of this com-
pany on April 8th, he does not appear to have made any
claim or demand for unpaid wages until May 22d following,
when his counsel made such claim in writing, advising ap-
pellant that he claimed $138 for the services performed in
February, and a further claim of $175 for the personal
property, less certain credits which were admitted, making
a total of $294.90. He further advised appellant that un-
less the $138 was paid, a claim would be made for the
penalty of $5 per day for thirty days, under the provisions
of C. S., sec. 7381, and shortly thereafter brought this action
in the probate court of Lemhi county for the several
amounts stated.

In view of this state of the record, we think there is no
competent evidence to support the finding of the jury with
regard to the first, second or fourth causes of action, or to
sustain that part of the judgment of the court taxing as a
part of the costs $50 attorney's fees.

This court has held that C. S., sec. 7381, must be reason-
ably construed, and that it was not the intention of the

legislature in enacting this statute to penalize an employer for failing to pay an unjust debt, or for a failure to pay when the discharged laborer, after demanding payment, prevents a compliance with the demand by his own conduct, or to deny or preclude the right of an employer to interpose any valid counterclaim or defense to the claim of such laborer. (*Olson v. Idora Hill Mining Co.*, 28 Ida. 504, 155 Pac. 291.) Again, in *Robinson v. St. Maries Lumber Co.*, 34 Ida. 707, 204 Pac. 671, it is said that the purpose of this statute is to impose a penalty upon an employer in case of his failure to pay an employee wages earned when due, after a proper demand therefor has been made.

We think that respondent, with regard to his fourth cause of action, has wholly failed to show that this claim for a penalty is within the purview of this section of the statute. Entirely aside from his having indorsed these several voucher checks referred to, when they instructed him not to do so if the same were incorrect, he continued in the service of the company, drawing $5 per day, during March and a part of April following, and then appears to have voluntarily quit its service, and not to have made any further demand until that made through his attorney in the latter part of May. In addition to this, it is shown that for the breaking down, sacking and shipping of these eight tons of ore, he made a claim for other workmen for 17 days' time, and the same was promptly paid. The testimony shows that this work, which was all that he was instructed to do, and all of any consequence that he did do, would not ordinarily require an efficient man's time for more than five or six days.

Where the complaint sets up several distinct causes of action, there should be a separate finding upon each cause. There is some evidence to support the fifth cause of action, which was for $156.90, but the evidence is insufficient to support a finding for respondent in any sum upon any of the four preceding causes of action. Upon the authority of *Watkins v. Mountain Home Co-op. Irr. Co.*, 33 Ida., at page 638, 197 Pac. 247, and also of *Olson v. Idora Hill*

*Mining Co., supra,* at page 519, this cause will be remanded, with instructions to the trial court, that unless respondent, within thirty days after the filing of the *remittitur,* remits from said judgment all in excess of $156.90 and also the $50 attorney's fees taxed by the court as a part of the costs, to grant appellant a new trial; but in case said remission is made, to enter judgment for $156.90 and the costs taxed in the court below, less said $50 attorney's fee. Respondent to recover costs on this appeal, unless a new trial is awarded appellant, in which case it shall be awarded costs on this appeal.

Rice, C. J., and Budge, McCarthy and Dunn, JJ., concur.

### ON PETITION FOR REHEARING.

LEE, J.—Respondent petitions for a rehearing, and appellant for a modification of the judgment with respect to being allowed to recover its costs on this appeal.

Respondent's petition for a rehearing is denied, and appellant's petition for a modification of the judgment allowing it costs upon this appeal is granted. The judgment as expressed in the foregoing opinion is not otherwise modified.

Budge, C. J., and McCarthy and Dunn, JJ., concur.