[Cr. A. No. 250. Appellate Department, Superior Court, Los Angeles County.—January 29, 1930.]

THE PEOPLE, Respondent, v. CHARLES L. PORTER, Appellant.

(1 Cal. Supp. 41.)

Archie G. Cope for Appellant.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondent.

SHAW, J.—Defendant is charged with a violation of section 6 of the Act of 1919 regarding payment of wages, which makes it a misdemeanor for an employer, under the conditions and with the intent therein mentioned, to refuse to pay the wages of an employee when due and demanded. The complaining witness, Mrs. Gerrity, was hired by defendant as manager of an apartment house under an agreement by which she was to receive $25 per month and the use of an apartment, and was to pay the bills for her laundry, ice and milk, and, according to defendant, some other matters, all of which he testified were to be deducted from her wages. When she quit, defendant had a settlement with her, as a result of which he gave her a check for $15.57, on which he later stopped payment. At a hearing before the labor commissioner some further deductions were made and the commissioner found that the amount due was $12.57, nonpayment of which is the basis of this prosecution. . At the trial defendant sought to show that this settlement was made under mistake and in ignorance of certain amounts owed him by Mrs. Gerrity on account of rents which she negligently failed to collect and for bills incurred and payable by her, all of which amounted to more than the wages which were alleged to be due her. He made an extensive offer of proof in this respect, which the trial court rejected on the theory that no offset against wages due can be shown under this act and in especial reliance on section 5, which provides a penalty collectible by the employee for failure to pay wages "without abatement or reduction." In this ruling we think the court erred. The case was not prosecuted under section 5, but under section 6, which does not contain the words "without abatement or reduction." But even if we assume that section 5 throws some light on the purpose and meaning of section 6, it has been held that the words "without abatement or deduction," in a statute similar to section 5, mean merely "without discount on account of the payment thereof before the time they were payable according to the terms of the contract of employment," that they do not prevent the deduction of damages caused by the employee's breach of contract where he quits

prematurely, or of credits to the employer on account of money or property given to the employee in part payment of his wages, and that if the statute were construed to forbid such deductions it would be unconstitutional. (*Leep* v. *St. Louis etc. R. Co.*, 58 Ark. 407 [41 Am. St. Rep. 109, 131, 23 L. R. A. 264, 25 S. W. 75].) There is no material difference between the word "deduction" here considered and the word "reduction" used in our statute. In Idaho it is held that a statute similar to section 5, but not including the phrase "without abatement or reduction" or equivalent words, does not preclude the right of the employer to interpose any valid counterclaim or defense to the claim of the employee (*Olson* v. *Idora etc. Co.*, 28 Idaho, 504 [155 Pac. 291]; *Goodell* v. *Pope-Shenon M. Co.*, 36 Idaho, 427 [212 Pac. 342]). In *Manford* v. *Singh*, 40 Cal. App. 700 [181 Pac. 844], a former statute similar to section 5 of the Act of 1919, but using the word "deduction" instead of "reduction," was under consideration, and the court held that it was to have a reasonable construction, and did not deny the employer any legal defense to the legality of the claim. We think a like rule must be applied to cases arising under section 6, whereby the employer may show in his defense that he has valid offsets or counterclaims to the wages the nonpayment of which is the basis of the charge against him. Since the ruling of the court below denied the defendant that right, the judgment must be reversed and the cause remanded to the municipal court for a new trial, and it is so ordered.

McLucas, P. J., and Bishop, J., concurred.