## U. S. REDUCTION COMPANY *v.* NUSSBAUM.

[No. 16,856. Filed June 16, 1942. Rehearing denied October 21, 1942. Transfer denied November 23, 1942.]

*Frederick C. Crumpacker, Edwin H. Friedrich,* and *Stanley A. Tweedle,* all of Hammond, for appellant.

*Tinkham & Tinkham* and *J. W. McCartin,* all of Hammond, for appellee.

STEVENSON, P. J.—The appellee brought this action against the appellant to recover wages due him, and to recover the statutory penalty for failure to pay the same.

The appellee's amended complaint in one paragraph alleged that the appellant is an Illinois corporation, with authority to do business and operate in the State of Indiana, and was so operating in the City of East Chicago. The appellee alleged that in the month of September, 1939, he was employed by the appellant under a month-to-month contract, at an agreed wage of $400.00 per month. The complaint alleged that the appellant wholly failed and refused to pay the wages due the appellee for the month of September, 1939, and the same is now long past due and wholly unpaid.

The appellee further alleged that by virtue of the statute in such cases made and provided there is due as liquidated damages, for the failure and refusal to pay the wages due, a sum equal to twice the amount of the wages due, plus a reasonable attorney's fee of $150.00.

The complaint closed with a prayer for judgment in the sum of $1,350.00. The appellant filed an answer in three paragraphs; the first of which was in general denial. The second paragraph of answer alleged that the appellee voluntarily left the employment of the appellant on September 2, 1939, and that on September 9, 1939, the appellant tendered to the appellee his earned wages for two days employment in the month of September, totaling $30.45, which amount the appellee refused to accept and which amount the appellant tendered into open court. The third paragraph of answer alleged that the appellee on the 2nd day of September, 1939, voluntarily quit and left the employment of the appellant because he was displeased and

unsatisfied with the work. This paragraph contained the same facts as set forth in paragraph two with reference to tender. Replies in denial closed the issues.

The case was submitted to a jury for trial, which at the close of the evidence returned a verdict in favor of the appellee in the sum of $800.00. The court rendered judgment on this verdict for $800.00 together with the additional sum of $125.00 as a fee for the appellee's attorneys. A motion for new trial was filed and overruled; and this appeal has been perfected. The error relied upon in this court is the alleged error in overruling the appellant's motion for a new trial. Under this assignment, the appellant first contends that the verdict of the jury is not sustained by sufficient evidence, for the reason that the penalty provision of the statute applies only in cases where there is failure to pay wages actually earned.

The appellant contends that by tendering to the appellee on September 9th the wages for the two days in September which he actually worked, the appellant has complied with the statute. The statute out of which this controversy arises provides as follows:

> "Every person, firm, corporation or association, . . . doing business in this state shall pay each employee thereof at least twice each month, if requested, between the first and tenth and between the fifteenth and twenty-fifth of each month inclusive, the amount due such employee and such payment shall be made in the lawful money of the United States or by negotiable check, draft or money order and any contract to the contrary shall be void. Such payments shall be made for all wages earned to a date not more than ten [10] days prior to the date of such payment; . . ." § 40-101, Burns' 1933.
>
> "Every such person, firm, corporation or association who shall fail to make payment of wages to any such employee, as provided in section one

[40-101] of this act, shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten [10] per cent of the amount due to him in addition thereto, not exceeding double the amount of wages due, . . ." § 40-102, Burns' 1933.

It will be noted from a reading of this statute that an employer is required to pay his employee between the 1st and 10th and between the 15th and 25th of each month inclusive, "the amount due such employee." The amount payable under this statute at any one time, however, shall consist of "all wages earned to a date not more than ten [10] days prior to the date of such payment." It is further provided that a penalty shall attach if an employer "shall fail to make payment of wages to any such employee as provided in § 1 of this act." It is apparent, from a reading of this statute, that the penalty attaches only upon failure to pay "wages earned," at the time when the statute provides that such payments shall be made.

The question, therefore, presented for our determination is the amount of wages earned by the appellee at the time of his wrongful discharge. The appellee contends that he earned his salary for the month of September, 1939 by working two days of the contract period, at which time he was wrongfully discharged. This monthly salary of $400.00 the appellee contends was due from the appellant as wages for the month the appellant had contracted to employ him, and it was to recover these wages due for which this action was brought.

We cannot agree with the appellee's contention. The law is well settled in this State that the wrongful discharge of a servant under a contract of employment, for a definite term, gives rise to but one cause of action. This cause of action is not for

wages due. His only cause of action is for breach of contract. As was said by our Supreme Court in the case of *Hamilton* v. *Love* (1899), 152 Ind. 641, 642, 53 N. E. 181:

"The remedy of a servant discharged without sufficient cause, before the expiration of the period of service stipulated for, is not in assumpsit as for implied services, or for wages, but is for damages for the breach of the contract."

This same rule is reiterated by our own court in the case of *Inland Steel Co.* v. *Harris* (1911), 49 Ind. App. 157, 163, 95 N. E. 271. In this case our court held that where a servant is wrongfully discharged before the expiration of his contract of employment, he had but a single cause of action, and an instruction was approved in this case, which reads as follows:

" 'If plaintiff was wrongfully discharged before his contract expired, he had a right to sue at once for a breach of the contract, and would have a right to recover his full damages to the end of his term.' "

See also *Haddon School Twp., Sullivan County,* v. *Willis* (1936), 209 Ind. 356, 199 N. E. 251.

If the $400.00 which the appellee contends is due him became due him because of his wrongful discharge on the 2nd day of September, it was due him as damages for his wrongful discharge, rather than as wages earned. The only wages earned at the time of his wrongful discharge were the wages due for the two days which he had worked. It follows, therefore, that these wages earned are the only wages to which the penalty might attach for failure of the appellant to pay the same when due under the provisions of the statute.

A similar question was before the Supreme Court of Arkansas, in the case of *Hall* v. *Chicago, R. I. & P. Ry.*

*Co.* (1910), 96 Ark. 634, 132 S. W. 911. In this case the appellant sought to recover from the appellee his wages and the statutory penalty for failure to pay the same. The appellant was relieved from duty by a notice dated May 2nd, and was finally discharged by a letter under date of May 20th. In passing upon his right to recover wages for the interim between these two dates, the court said at p. 636:

> "Now, according to the plain language of the letter or notice of May 2, plaintiff was relieved from further service in the employ of the defendant. He did not thereafter render any service for the defendant, and did not earn any wages. It is unimportant, for the purposes of this case, to determine whether his discharge was rightful or wrongful, for in neither event is he entitled to recover the penalty for nonpayment of his wages after that date. If the discharge was wrongful, plaintiff may have been entitled to recover damages on account of the breach of the contract; but he earned no further wages, and it is only for the nonpayment of earned wages that the statute authorizes a discharged employee to recover a penalty."

A like question was before the Court of Appeals of Missouri, in the case of *Quinn* v. *T. M. Sayman Products Co.* (1927), 296 S. W. 198. In discussing the application of the penalty provisions of a statute imposed for failure to pay wages, the court said at p. 199:

> "Obviously, the statute imposes a penalty, upon the discharge of an employee only for failure to pay the wages of such employee then earned at the contract rate, and not for failure to pay the wages which he would have earned if he had been permitted to continue in the service to the end of the definite period of time for which he was employed."

As was said by the Supreme Court of Idaho, in the case of *Robinson* v. *St. Maries Lumber Co.* (1921), 34 Idaho 707, 711, 204 P. 671:

336

"The purpose of the statute is to impose a penalty upon an employer for his failure to pay an employee wages earned, when due, after a proper demand has been made therefor."

In the light of these authorities, it is our opinion that the penalty provisions of the statute above quoted can attach only to the wages which the employee has earned, and which are due and owing at the time of discharge. It follows, therefore, that the penalty cannot attach to those sums which are recovered as damages for the breach of contract of employment. Under the facts as disclosed by this record, and in view of the principles of law heretofore announced, it is clear that under no circumstances can the verdict of $800.00 in favor of the appellee be sustained.

It follows, therefore, that the verdict of the jury is not sustained by sufficient evidence, and the court erred in overruling the appellant's motion for a new trial.

The judgment of the trial court is reversed, and the court is instructed to sustain the appellant's motion for a new trial, and for further proceedings consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 42 N. E. (2d) 403.