**NEW FRONTIERS, INC., an Indiana Corporation, Plaintiff–Appellant**

v.

**Darwin GOSS and Joyce Goss, Defendant–Appellee.**

No. 43A03–8810–CV–321.[1]

Court of Appeals of Indiana, Third District.

Oct. 29, 1991.

Rehearing Denied Jan. 23, 1992.

Bryon J. Berry, Warsaw, for plaintiff-appellant.

John S. Knight, Parrish & Knight, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

New Frontiers, Inc. appeals from the county court's decision awarding damages pursuant to I.C. 22–2–5–2 against it in a claim over its termination of Darwin and Joyce Goss. The Gosses cross-appeal claiming the court erred in determining that they were fired for just cause.

New Frontiers hired Gosses to be "houseparents" in a home for boys. Pursuant to a written contract the Gosses were to be employed from October 1986 through December 1987; their salary was payable

---

1. This case was assigned to this office October 10, 1991.

semi-monthly (mistakenly referred to as bi-monthly in the document, but defined therein to mean twice a month); and, should termination become necessary, thirty days' notice was required. Additionally, although not expressly mentioned in the employment contract, the written policy of New Frontiers prohibited the use of corporal punishment.

On August 7, 1987, New Frontiers suspended the Gosses without pay and on August 18 discharged them. No thirty day notice of termination was given. New Frontiers' reason for discharging the Gosses was their use of corporal punishment. According to the Gosses, their admitted use of corporal punishment was both acknowledged and condoned by their supervisors and certain members of the board of directors of New Frontiers. In any event, the Gosses refused to remove themselves from the premises.

In September 1987, New Frontiers filed a complaint seeking to evict the Gosses and requesting rent for the time that they remained on its property. In response, the Gosses filed a counterclaim alleging that their termination violated the employment contract. They sought wages for the thirty day period called for by the notice provision together with statutory damages for the nonpayment of those wages and "wages due" for the three month balance of the contract term.

At trial the court found that although several people associated with New Frontiers condoned corporal punishment, New Frontiers had good cause to discharge the Gosses. It also found that New Frontiers breached its contract by failing to give the required thirty day notice before termination.

Accordingly, the court held that the Gosses' termination became effective on September 17, 1987, i.e., thirty days after notice of termination as required by the contract. Thus, it held that the Gosses were entitled to their salary through September 17, 1987. The court additionally awarded double the amount due as liquidated damages and attorneys' fees pursuant to I.C. 22-2-5-2. However, because the court found that the Gosses were discharged for good cause, it concluded that they were not entitled to damages for the balance of the contract term. This appeal followed. Additionally, the court determined that New Frontiers was entitled to nominal damages amounting to $21.00 each from the Gosses for their refusal to leave the premises. (No dispute is raised by either party concerning the damages for refusal to leave, and that award is summarily affirmed.)

### Standard of Review

When reviewing a trial court's findings of fact, conclusions thereon and judgment, we will reverse only if the findings and conclusions are clearly erroneous or do not support the judgment. *Donavan v. Ivy Knoll Apts.* (1989) Ind.App., 537 N.E.2d 47, 50. Clearly erroneous findings are those unsupported by any facts or reasonable inferences in the record and a clearly erroneous judgment is one not sustained by the findings and conclusions. *Id.* Needless to say, we do not engage in reweighing the evidence in such a review.

### Application of statutory penalty.

■ Acknowledging that the court correctly awarded Gosses damages in the amount of their respective salaries for the time necessary to comply with the thirty day notice requirement of the contract, New Frontiers argues that such sums were nevertheless not "wages earned" and were therefore not subject to the liquidated damages and attorneys' fees provisions of I.C. 22-2-5-2. We agree.

Initially, we agree that the court properly found that Gosses were entitled to thirty days' notice before termination under the provisions of their contract and were entitled to damages for that breach. No dispute is taken with the amount found due for this breach, which is the equivalent to the pay and benefits Gosses would have earned until September 17, 1987. An award should be entered for that amount.

Such damages do not, however, constitute "wages" within the meaning of I.C. 22-2-5-2 so as to make New Frontiers

liable for penalty damages and attorney fees. The law on this subject has been well settled for nearly fifty years. The statute applies only to wages which have already been earned and are due and owing at the time of discharge. The statutory penalties cannot be assessed for sums recovered as damages for breach of the employment contract. *U.S. Reduction Co. v. Nussbaum* (1942) 112 Ind.App. 330, 336, 42 N.E.2d 403, 405. If the legislature had any disagreement with that interpretation of the statute, it has had more than ample time to make its position known.

### Sufficient Reason for Discharge

■ In their cross-appeal Gosses argue that the court improperly found that sufficient reason existed to support the termination of their employment contract.

On this issue the court found as follows:

5. That while there were several Board Members and other administrative officers who appeared to either favor or condone the use of corporal punishment at the facility, the official policy of the Board of Directors continued to prohibit the use of corporal punishment.

6. That the defendants, Darwin Goss and Joyce Goss, were aware of the prohibition of corporal punishment by the Board of Directors at all times relevant to this cause.

7. That during their tenure as houseparents at Riverwood Ranch, both Defendants engaged in acts of corporal punishment toward resident boys contrary to the Board of Directors policy.

8. That as a result of the use of corporal punishment by the defendants, contrary to the established policy, the Board of Directors ... notified them of their discharge on August 18, 1987.

9. That the Plaintiff, New Frontiers, Inc., had a just cause for discharging the Defendants, Darwin Goss and Joyce Goss, from employment.

The evidence at trial amply supports the court's findings and conclusion. That some directors or staff personnel personally favored or condoned corporal punishment does not necessarily, *i.e.*, as a matter of law, establish either an abandonment or a waiver of the established policy of the corporation forbidding the use of corporal punishment. Gosses' arguments merely seek to have us reweigh the evidence. That we may not do. There was no error in the determination that Gosses were discharged for just cause and were not, therefore, entitled to damages for the balance of the contract term.

The judgment is reversed and the case is remanded for entry of judgment in conformity herewith.

Reversed and remanded.

SHIELDS, P.J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent from the Majority's treatment of the first issue. While I agree that an action under IC 22–2–5–2 may only be maintained for wages which are "earned" and "due and owing" at the time of discharge, I believe the award in favor of the Gosses for the thirty day notice period should be considered wages earned, and that statutory damages are appropriate in this case.

I have no quarrel with the holding of *U.S. Reduction Co. v. Nussbaum* (1942), 112 Ind.App. 330, 336, 42 N.E.2d 403, 405. However, the *Nussbaum* case is factually dissimilar to the present case. In *Nussbaum*, the plaintiff, employed on a month-to-month basis, sought to recover one month's wages plus the statutory penalty despite having worked only two days into the month his employment was terminated. There was no notice provision or termination allowance at issue in *Nussbaum.*

The Majority embraces a narrow interpretation of the term "wages." Our courts, however, have affirmed the award of statutory penalties and attorney fees where the employer did not remit accrued vacation pay to the employee, *see Baesler's Super–Valu v. Indiana Com'r of Labor* (1986), Ind.App., 500 N.E.2d 243; *Die & Mold, Inc. v. Western* (1983), Ind.App., 448

N.E.2d 44, and where the the employer failed to pay accumulated commissions to salespersons upon termination of employment. *Licocci v. Cardinal Associates, Inc.* (1986), Ind.App., 492 N.E.2d 48, *trans. denied.* "Wages" are defined elsewhere in Article 2 as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount." IC 22-2-9-1(b). Termination allowances or wages in lieu of notice are deemed wages for the purposes of the Indiana Employment Security Act. *See* 640 IAC 1-7-4.

I believe wages earned by virtue of a termination period are similar to compensation as represented by accrued vacation pay. In *Western,* our court of appeals concluded:

> Vacation pay is in the nature of deferred compensation in lieu of wages earned each week the employee works, and is payable at some later time. An agreement to give vacation pay to employees made before they perform their service, and based upon the length of service and time worked is not a gratuity but rather is in the form of compensation for services. And when the services are rendered, the right to receive the promised compensation is vested, as much as the right to receive wages or other forms of compensation.

448 N.E.2d at 46-47 (citations omitted). I believe that the Gosses earned wages for the thirty day notice period specified in the contract. Wages for the notice provision would not be considered a gratuity, as would a bonus. Instead, the wages for this period amount to compensation that became "vested" once the Gosses' employment was terminated. The Gosses were entitled to these wages by virtue of the employment contract. As such, I would hold that the wages were "earned" and "due and owing."

The Majority asserts that the failure to pay the Gosses wages for the notice period is merely a breach of contract. Strictly speaking, however, the failure to pay

wages earned for a given period is also a breach of the employment contract. Nevertheless, our legislature has seen fit to create a special penalty provision for such breaches, and the provision is applicable on this occasion. I would affirm the trial court in all things.