# .SEABOARD AIR LINE RAILWAY *v.* SEEGERS.

## ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

**No. 15.** Argued October 16, 1907.—Decided November 4, 1907.

Where a state statute applies to both intrastate and interstate shipments, but the shipment involved is wholly intrastate, this court will not consider the validity of the statute when applied to interstate shipments.

A state statute may, without violating the equal protection clause of the Fourteenth Amendment, put into one class all engaged in business of a special and public character, and require them to perform a duty which they can do better and more quickly than others and impose a not exorbitant penalty for the non-performance thereof.

The statute of South Carolina of 1903 imposing a penalty of fifty dollars on all common carriers for failure to adjust damage claims within forty days is not, as to intrastate shipments, unconstitutional as violative of the Fourteenth Amendment, neither the classification, the amount of the penalty nor the time of adjustment being beyond the power of the State to determine. And so held in regard to a claim of $1.75, as small shipments are the ones which especially need the protection of penal statutes of this nature.

73 S. Car. 71, affirmed.

THE facts, which involve the constitutionality of a statute of South Carolina providing for penalty on common carriers for not promptly adjusting damage claims, are stated in the opinion.

*Mr. W. F. Stevenson*, with whom *Mr. Edward McIver* was on the brief, for plaintiff in error:

This statute discriminates against carriers as between them and other debtors of the same class. It is an attempt to make a common carrier pay one class of debts growing out of transportation under penalties and forfeitures that are not inflicted on other people, even other debts growing out of the same relation. The title of the act shows its partisan character and that it was leveled at one party to the contract of transportation

No other individual or corporation is thus punished. It is an arbitrary classification and discrimination against common carriers. The courts are not open to them as to other litigants to adjudicate such claims, but this law says to them "if you lose your case, you will be subject to a heavy penalty (in this case nearly thirty times as large as the claim in controversy), if your adversary loses his case he has no penalty to pay." This is unjust discrimination. Corporations are the same as persons within the provisions both of the state and the United States constitutions, and a State has no more power to deny to corporations the equal protection of the law than it has to individual citizens.

The legislature has the power to classify persons or corporations, yet it is equally true that such classification cannot be made arbitrarily. Classification for legislative purposes must have some reasonable basis upon which to stand, and must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. *Porter* v. *Ry.*, 63 S. Car. 180; *G. C. & S. F. Ry.* v. *Ellis*, 165 U. S. 150.

Clear and hostile discrimination against particular persons and classes cannot be made. *Bells Gap R. R.* v. *Pa.*, 141 U. S. 232.

Here is a clear, and perhaps hostile, discrimination against common carriers, requiring them to pay their debts within a given time, or suffer a heavy penalty, imposed on no one else, even though the conditions be identical.

Similar statutes in other States have been held unconstitutional. *Railroad Co.* v. *Morris*, 65 Alabama, 193; *Railroad Co.* v. *Moss*, 60 Mississippi, 641; *Wilder* v. *Railroad Co.*, 70 Michigan, 382; *Railroad Co.* v. *Williams*, 49 Arkansas, 492; *Railroad Co.* v. *Baty*, 6 Nebraska, 37; *Frorer* v. *People*, 141 Illinois, 171; *Braceville Coal Co.* v. *People*, 147 Illinois, 66.

By the statute in question carriers are denied access to the courts on equal terms with other litigants.

The State has no right to say, as it does by this statute, that two parties can enter into a contract and if one party fails to

carry out his part he can refuse to pay and stand a suit, and, if he loses, he shall not be liable for any penalty except for costs, but if the other party fail and appeal to the court and lose he shall be liable to a penalty in favor of his co-contractor. Such a statute denies equality before the courts, and courts exist to afford the protection of the laws, and therefore denial of equality before the courts is a denial of the equal protection of the laws. *Cotting* v. *Kansas City Stock Yards Co.*, 183 U. S. 79; *Davidson* v. *Jennings*, 48 L. R. A. 340, and cases there cited; *C., S. L. & N. O. Ry. Co.* v. *Moss*, 60 Mississippi, 641; *Wilder* v. *Chicago & W. M. R. Co.*, 70 Michigan, 382, 38 N. W. Rep. 289; *Randolph* v. *Builders' Supply Co.*, 106 Alabama, 501, 17 So. Rep. 721.

The cases cited by the Supreme Court of South Carolina do not sustain its position herein. *A. T. & S. F. Ry.* v. *Matthews*, 174 U. S. 96; *Erb, Rec'r,* v. *Monarch*, 177 U. S. 584, and *Fidelity Mut. Life Asso.* v. *Mettler*, 185 U. S. 308, distinguished.

No counsel appeared for defendants in error.

MR. JUSTICE BREWER delivered the opinion of the court.

The question in this case is the constitutionality of section 2 of an act of the State of South Carolina, approved February 23, 1903 (24 Stat. 81), which reads:

"SEC. 2. That every claim for loss of or damage to property while in the possession of such common carrier shall be adjusted and paid within forty days, in case of shipments wholly within this State, and within ninety days, in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: *Provided,* That no such claim shall be filed until after the arrival of the shipment or of some part thereof at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon from the date of the filing of the claim therefor

until the payment thereof. Failure to adjust and pay such claim within the periods respectively herein prescribed shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered by any consignee or consignees aggrieved in any court of competent jurisdiction: *Provided*, That unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid: *Provided, further*, That no common carrier shall be liable under this act for property which never came into its possession, if it complies with the provisions of section 1710, vol. 1, of the Code of Laws of South Carolina, 1902."

The difference between the value of the goods shipped and the freight charges, $1.75, and the amount of the penalty, $50, naturally excites attention. The Supreme Court of the State held the section constitutional, a decision conclusive so far as the state constitution is concerned, and therefore we are limited to a consideration of its alleged conflict with the Constitution of the United States. The shipment was wholly intrastate, being from Columbia, S. C., to McBee, S. C., and undoubtedly subject to the control of the State. It is of course unnecessary to consider the validity of the statute when applied to a shipment from without the State.

It is contended that the equal protection of the laws, guaranteed by the first section of the Fourteenth Amendment, is denied. The power of classification is conceded, but this will not uphold one that is purely arbitrary. There must be some substantial foundation and basis therefor. It is asserted that this is merely legislation to compel carriers to pay their debts within a given time, by an unreasonable penalty for any delay, while no one else is so punished, and that there is no excuse for such distinction. We have had before us several cases involving classification statutes, and while the principles upon which classifications may rightfully be made are clear and easily stated, vet the application of those principles to the different

cases is often attended with much difficulty. See among others, on the general principles of classification, *Barbier* v. *Connolly,* 113 U. S. 27; *Bell's Gap Railroad Company* v. *Pennsylvania,* 134 U. S. 232, and of cases making application of those principles; *Gulf, Colorado & Santa Fe Railway Company* v. *Ellis,* 165 U. S. 150; *A. T. & S. F. R. R. Co.* v. *Matthews,* 174 U. S. 96, and cases cited in the opinion; *Erb* v. *Morasch,* 177 U. S. 584; *Fidelity Mutual Life Association* v. *Mettler,* 185 U. S. 308; *Farmers' &c. Ins. Co.* v. *Dobney,* 189 U. S. 301; *M. K. & T. Ry. Co.* v. *May,* 194 U. S. 267.

We are of the opinion that this case comes within the limits of constitutionality. It is not an act imposing a penalty for the nonpayment of debts. As the Supreme Court of South Carolina said in *Best* v. *Seaboard Air Line R. R. Co.,* 72 S. Car., 479, 484:

"The object of the statute was not to penalize the carrier for merely refusing to pay a claim within the time required, whether just or unjust, but the design was to bring about a reasonably prompt settlement of all proper claims, the penalty, in case of a recovery in court, operating as a deterrent of the carrier in refusing to settle just claims, and as compensation of the claimant for the trouble and expense of the suit which the carrier's unreasonable delay and refusal made necessary."

This ruling of the Supreme Court finds support, if any be needed, in the preamble of the statute, which reads: "An act to regulate the manner in which common carriers doing business in this State shall adjust freight charges and claims for loss of or damage to freight."

It is not an act levelled against corporations alone, but includes all common carriers. The classification is based solely upon the nature of the business, that being of a public character. It is true that no penalty is cast upon the shipper, yet there is some guarantee against excessive claims in that, as held by the Supreme Court of the State in *Best* v. *Railroad Company, supra,* there can be no award of a penalty unless there be a recovery of the full amount claimed.

Further, the matter to be adjusted is one peculiarly within the knowledge of the carrier. It receives the goods and has them in its custody until the carriage is completed. It knows what it received and what it delivered. It knows what injury was done during the shipment, and how it was done. The consignee may not know what was in fact delivered at the time of the shipment, and the shipper may not know what was delivered to the consignee at the close of the transportation. The carrier can determine the amount of the loss more accurately and promptly and with less delay and expense than any one else, and for the adjustment of loss or damage to shipments within the State forty days cannot be said to be an unreasonably short length of time. It may be stated as a general rule that an act which puts in one class all engaged in business of a special and public character, requires of them the performance of a duty which they can do better and more quickly than others, and imposes a not exorbitant penalty for a failure to perform that duty within a reasonable time, cannot be adjudged unconstitutional as a purely arbitrary classification.

While in this case the penalty may be large as compared with the value of the shipment, yet it must be remembered that small shipments are the ones which especially need the protection of penal statutes like this. If a large amount is in controversy, the claimant can afford to litigate. But he cannot well do so when there is but the trifle of a dollar or two in dispute, and yet justice requires that his claim be adjusted and paid with reasonable promptness. Further, it must be remembered that the purpose of this legislation is not primarily to enforce the collection of debts, but to compel the performance of duties which the carrier assumes when it enters upon the discharge of its public functions. We know there are limits beyond which penalties may not go—even in cases where classification is legitimate—but we are not prepared to hold that the amount of penalty imposed is so great or the length of time within which the adjustment and payment are to be

made is so short that the act imposing the penalty and fixing the time is beyond the power of the State.

The judgment of the Supreme Court of South Carolina is

*Affirmed.*

Mr. Justice Peckham dissents.