# YAZOO AND MISSISSIPPI VALLEY RAILROAD CO. *v.* JACKSON VINEGAR CO.

ERROR TO THE CIRCUIT COURT OF HINDS COUNTY, STATE OF MISSISSIPPI.

No. 57.   Submitted November 13, 1912.—Decided December 2, 1912.

The statute of Mississippi imposing a penalty on common carriers for failure to settle claims for lost or damaged freight in shipment within the State within a reasonable specified period is not unconstitutional under the Fourteenth Amendment, as depriving the carrier of its property without due process of law or as denying it the equal protection of the laws, as to claimants presenting actual claims for amounts actually due.

It is within the police power of the State to provide by penalty for delay a reasonable incentive for prompt settlement without suit of just demands of a class admitting of special legislative treatment; in this case of claims against common carriers for damage to goods shipped between two points within the State.

This court deals with the case in hand and not with imaginary ones; and if a state statute is constitutional as against the class to which the party attacking it belongs, it will not consider whether the same statute might be unconstitutional as applied to other classes not before the court.

*Quære,* and not now to be decided, whether the statute now sustained as constitutional as against the party attacking it would be void *in toto* if unconstitutional as against other classes who have not yet attacked it.

THE facts, which involve the constitutionality of a statute of Mississippi imposing penalties on common carriers for failure to settle claims for damage to goods in shipment within the State, are stated in the opinion.

*Mr. Edward Mayes* and *Mr. Charles N. Burch* for plaintiff in error.

*Mr. William H. Watkins* for defendant in error.

Mr. Justice Van Devanter delivered the opinion of the court.

This was an action to recover damages from a railway company for the partial loss of a shipment of vinegar carried over the company's line from one point to another in the State of Mississippi. The case originated in a justice's court and was taken on appeal to the Circuit Court of Hinds County, where the plaintiff recovered a judgment for actual damages and $25.00 as a statutory penalty. That being the highest court in the State to which the case could be carried, it was then brought here. The position of the railway company, unsuccessfully taken in the state court and now renewed, is that the Mississippi statute providing for the penalty is repugnant to the due process of law and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. The statute reads:

"Railroads, corporations and individuals engaged as common carriers in this state are required to settle all claims for lost or damaged freight which has been lost or damaged between two given points on the same line or system, within sixty days from the filing of written notice of the loss or damage with the agent at the point of destination; and where freight is handled by two or more roads or systems of roads, and is lost or damaged, claims therefor shall be settled within ninety days from the filing of written notice thereof with the agent by consignee at the point of destination. A common carrier failing to settle such claims as herein required shall be liable to the consignee for twenty-five dollars damages in each case, in addition to actual damages, all of which may be recovered in the same suit provided that this section shall only apply when the amount claimed is two hundred dollars or less." Laws 1908, c. 196, p. 205.

The facts showing the application made of the statute

are these: The plaintiff gave notice of its claim in the manner prescribed, placing its damages at $4.76, and, upon the railway company's failure to settle within sixty days, sued to recover that sum and the statutory penalty. Upon the trial the damages were assessed at the sum stated in the notice, and judgment was given therefor, with the penalty. Thus, the claim presented in advance of the suit, and which the railway company failed to settle within the time allotted, was fully sustained.

As applied to such a case, we think the statute is not repugnant to either the due process of law or the equal protection clause of the Constitution, but, on the contrary, merely provides a reasonable incentive for the prompt settlement, without suit, of just demands of a class admitting of special legislative treatment. See *Seaboard Air Line Railway* v. *Seegers,* 207 U. S. 73; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Wynne,* 224 U. S. 354.

Although seemingly conceding thus much, counsel for the railway company urge that the statute is not confined to cases like the present, but equally penalizes the failure to accede to an excessive or extravagant claim; in other words, that it contemplates the assessment of the penalty in every case where the claim presented is not settled within the time allotted, regardless of whether, or how much, the recovery falls short of the amount claimed. But it is not open to the railway company to complain on that score. It has not been penalized for failing to accede to an excessive or extravagant claim, but for failing to make reasonably prompt settlement of a claim which upon due inquiry has been pronounced just in every respect. Of course, the argument to sustain the contention is that, if the statute embraces cases such as are supposed, it is void as to them, and, if so void, is void *in toto.* But this court must deal with the case in hand and not with imaginary ones. It suffices, therefore, to

hold that, as applied to cases like the present, the statute is valid. How the state court may apply it to other cases, whether its general words may be treated as more or less restrained, and how far parts of it may be sustained if others fail are matters upon which we need not speculate now. *Hatch* v. *Reardon*, 204 U. S. 152, 160; *Lee* v. *New Jersey*, 207 U. S. 67, 70; *Southern Railway Co.* v. *King*, 217 U. S. 524, 534; *Collins* v. *Texas*, 223 U. S. 288, 295; *Standard Stock Food Co.* v. *Wright*, 225 U. S. 540, 550.

The judgment is accordingly

*Affirmed.*