# KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* ANDERSON.

## ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 319. Argued March 20, 1914.—Decided April 13, 1914.

A State may impose double damages and an attorney's fee on railway companies for failure to pay the owner of stock killed within a reasonable period after demand and award of the jury of the amount claimed before action commenced; and so *held* that the double damage statute of Arkansas is constitutional as applied to cases of this character.

*St. Louis, Iron Mtn. & Southern Ry. Co.* v. *Wynne,* 224 U. S. 354, distinguished, as in that case this statute was declared unconstitutional only as applied to claims where the jury awarded less than the amount demanded.

A statute is not necessarily void for all purposes because it has been declared by this court to be unconstitutional as applied to a particular state of facts; it may be sustained as to another state of facts where the state court has expressly decided that it should not be construed as applicable to such conditions as would render it unconstitutional if applied thereto.

A state statute imposing double damages and otherwise valid, is not unconstitutional as denying the equal protection of the laws because

it applies only to railroad companies and not to litigants in general. The classification is not arbitrary. *Seaboard Air Line* v. *Seegers,* 207 U. S. 73.

The States have a large latitude in the policy which they will pursue in regard to enforcing railroad companies to settle damage claims promptly and properly. *Chi., M. & St. P. Ry. Co.* v. *Polt,* 232 U. S. 165.

THE facts, which involve the constitutionality under the Fourteenth Amendment of a statute of Arkansas allowing double damages and attorney's fee to be awarded against railway corporations under certain conditions, are stated in the opinion.

*Mr. Samuel W. Moore,* with whom *Mr. Frank H. Moore* and *Mr. James B. McDonough* were on the brief, for plaintiff in error:

The record properly presents Federal questions which may be reviewed here. Act 61, of Arkansas of 1907, p. 144; *Kansas City Southern Ry. Co.* v. *Anderson,* 104 Arkansas, 500; *St. L., Iron Mtn. & So. Ry. Co.* v. *Wynne,* 224 U. S. 354.

The Arkansas act which is drawn in question in this case has been held unconstitutional by this court and is therefore void for all purposes. Cases *supra* and *Meyer* v. *Wells, Fargo & Co.,* 223 U. S. 298; *Yazoo & Miss. R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217.

The Arkansas act is in conflict with the Fourteenth Amendment because it denies to defendant the equal protection of the law. *Atchison &c. Ry. Co.* v. *Matthews,* 174 U. S. 96; *Atlantic Coast Line Co.* v. *Mazursky,* 216 U. S. 122; *Bannon* v. *State,* 49 Arkansas, 167; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Fidelity Life Asso.* v. *Mettler,* 185 U. S. 308; *Gulf &c. Ry. Co.* v. *Ellis,* 165 U. S. 150; *Ill. Cent. R. R. Co.* v. *Crider,* 91 Tennessee, 489; Kirby's Digest Arkansas Statutes, §§ 6773, 6782, 7907; *Minn. & St. Louis R. R. Co.* v. *Beckwith,* 129 U. S. 26; *Mo. & Nor.*

*Ark. R. R. Co.* v. *State*, 91 Arkansas, 1; *Mo. Pac. Ry. Co.* v. *Humes*, 115 U. S. 512; *St. L., I. Mtn. & So. Ry. Co.* v. *Williams*, 49 Arkansas, 492; *St. L., I. Mtn. & So. Ry. Co.* v. *Wynne*, 90 Arkansas, 538; *Seaboard Air Line Ry.* v. *Seegers*, 207 U. S. 73; *Southern Ry. Co.* v. *Greene*, 216 U. S. 400; *Yazoo & Miss. Valley R. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217.

This Arkansas act denies to defendant due process of law. *Chi., Mil. & St. P. Ry. Co.* v. *Polt*, 232 U. S. 165; *Ex parte Young*, 209 U. S. 123; *Mo. Pac. Ry. Co.* v. *Tucker*, 230 U. S. 340.

No appearance or brief filed for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Error to review a judgment of the Supreme Court of the State of Arkansas affirming a judgment by which defendant in error was awarded against plaintiff in error (herein called the railway company) double damages and attorney's fee for a mare killed by one of the railway company's trains.

The judgment was recovered under a statute of the State which the railway company attacked in the courts below and attacks here, on the ground that it violates the due process clause of the Constitution of the United States. The statute provides that when any stock is killed or injured by railroad trains running in the State the officers of the train shall cause the station master or overseer at the nearest station house to give notice of the fact by posting and by advertisement, and, on failure to so advertise, the owner shall recover double damages for all stock killed and not advertised. "And said railroad shall pay the owner of such stock within thirty days after notice is served on such railroad by such owner. Failure to do so shall entitle said owner to double the amount of damages

awarded him by any jury trying such cause, and a reasonable attorney's fee." (Act 61, Acts of Arkansas of 1907, p. 144.)

If a suit be brought after the thirty days have expired and the owner recover "a less amount of damages than he sues for, then such owner shall recover only the amount given him by said jury and not be entitled to recover any attorney's fee."

For its contention that the act offends the Constitution of the United States the railway company relies on *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wynne*, 224 U. S. 354.

In that case, however, there was a demand for $500 damages. The railway company refused to pay it. The owner sued for $400 and recovered a verdict for that amount, and the court deeming the statute applicable gave judgment for double that amount and an attorney's fee of $50.00. The Supreme Court sustained the judgment against the contention of the railway company that the statute so applied was repugnant to the due process clause of the Constitution of the United States. This court reversed the judgment, holding that so far as the statute was held to justify the imposition of double damages where there was demand for one sum and an action and judgment for less, it was void. The question was expressly reserved whether such would be the decision if the recovery corresponded to the demand; in other words, in the language of the opinion "Where the prior demand is fully established in the suit following the refusal to pay." That question is involved in the present case and we think it is determined by *Seaboard Air Line* v. *Seegers*, 207 U. S. 73, and *Yazoo & Miss. R. R. Co.* v. *Jackson Vinegar Co.*, 226 U. S. 217. In both cases statutes (South Carolina and Mississippi) were sustained. Each provided for a penalty for failure to settle claims after certain time after demand, the penalty being $50 in one

statute and in the other $25, in addition to the actual damages. In the *Seegers Case* it was said, p. 78: "It must be remembered that the purpose of this legislation is not primarily to enforce the collection of debts, but to compel the performance of duties which the carrier assumes when it enters upon the discharge of its public functions." In the other case it was said, p. 219: the railroad company "has not been penalized for failing to accede to an excessive or extravagant claim, but for failing to make reasonably prompt settlement of a claim which upon due inquiry has been pronounced just in every respect." In *Chicago, M. & St. P. Ry. Co.* v. *Polt,* 232 U. S. 165, a statute of South Dakota was passed upon which makes a railroad liable for double damages if, within sixty days after demand, it does not pay the damage actually sustained for property destroyed by fire communicated from its locomotive engine. The plaintiff in the case got a verdict for less than he demanded but for more than the railroad offered. Judgment for double the amount of the verdict was entered and sustained by the Supreme Court of the State. It was reversed by this court, the ruling of the *Wynne Case, supra,* being applied. We said, p. 168: The case "is not like those in which a moderate penalty is imposed for failure to satisfy a demand found to be just. *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217."

It is contended, however, that the statute having been declared unconstitutional as applied to one state of facts that properly raises the question, it is void for all purposes. The contention is based on the assumption that we decided the statute in the *Wynne Case* to be unconstitutional, but the ground of the decision was, as we have seen, that the statute was there applied to a case where the plaintiff in the action had recovered less than he demanded before suit. We declined to extend our opinion to a case where the amount of the judgment corresponded to the demand;

in other words, declined to pronounce the act entirely unconstitutional.

In *Yazoo & Mississippi Valley R. R. Co.* v. *Jackson Vinegar Co., supra,* when urged again to extend our ruling beyond the facts and declare the Mississippi statute entirely void, we declined to do so, considering it a matter for the state court to decide "how far parts of it may be sustained if others fail."

In the case at bar the Supreme Court of the State has limited the statute and has, indeed, declared that it had not intended in the *Wynne Case* to place upon the "statute a construction that would make it applicable to a case based upon a state of facts where a demand had been made before suit for a sum greater than that recovered upon a trial." And, further, "The construction and application of this statute as made by this court is, therefore, not such as to render it invalid under the decisions made by the Supreme Court of the United States."

It is also contended by the railway company that the statute deprives it of the equal protection of the laws in that it singles out railroads and subjects them to the payment of double damages and attorneys' fees when litigants in general are not subject to the same burdens. The contention is not tenable. *Seaboard Air Line* v. *Seegers, supra.*

We do not enter into a general discussion of the police power of the State. As we said in the *Polt Case,* "the States have a large latitude in the policy that they will pursue and enforce," and we do not think that the limit of their power has been transcended in the present case.

*Judgment affirmed.*

Mr. Justice Holmes and Mr. Justice Lamar dissent.