**ROBINSON et al. v. STATE ex rel. TAYLOR et al.**

No. 16034—Opinion Filed Dec. 22, 1925.

Rehearing Denied Feb. 16, 1926.

**1. Master and Servant—Workmen's Compensation Law—Action by Industrial Commission to Enforce Award.**

Section 7300, Comp. St. 1921, authorizes the State Industrial Commission to prosecute an action to enforce an award made by it; and where the style of the action runs in the name "State of Oklahoma ex rel." the commission, it is proper compliance with the provision directing that the action be brought in the name of the people of the state.

**2. Same—Different Items of Award as Single Cause of Action.**

Where the action is brought by the State Industrial Commission to enforce compliance with an award made by it, one cause of action is presented for consideration, although the award may be made up of different items of award.

**3. Same—Constitutional Law—Validity of Statute Authorizing Action.**

Section 7300, Comp. St. 1921, is not local or special in its nature, but general and state-wide in its scope; and the section, including the penalty clause thereof, is constitutional and valid. The penalty clause of the said section does not contravene the "due process of law" or "equal protection of the law" clauses of the federal or state Constitution.

**4. Same—Sufficiency of Petition.**

Where, under section 7300, Comp. St. 1921, the State Industrial Commission brought action in a law court to compel compliance with an award made by it, and the petition shows that the award was made by it in the course of its consideration of a claim cognizable by it, and that the time had lapsed for prosecuting original action in the Supreme Court for review without action being taken for such review, and the award had not been complied with by the parties against whom it was made, the petition states a cause of action upon a liquidated claim, and is good against a demurrer.

**5. Same—Judgment Sustained.**

The record supports the judgment, and the judgment is affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by the State ex rel. Baxter Taylor, H. C. Myers, and F. L. Roblin, constituting the State Industrial Commission, for the use and benefit of Ralph V. Smith and Oklahoma Hospital, against E. L. Robinson and Associated Employers' Reciprocal, a corporation. From the judgment, defendants appeal. Affirmed.

Biddison & Ladner, for plaintiffs in error.

West & Petry, for defendants in error.

On about the 18th day of February, 1920,

one Basil D. McClain was in the employ of E. L. Robinson, who was operating an oil and gas lease in Tulsa county, and on the date named sustained an injury in fighting fire, and was taken to the Oklahoma Hospital at Tulsa and there treated for his injuries by Dr. Ralph V. Smith. In due course the said injured employe presented his claim for compensation to the State Industrial Commission, and upon a hearing the claim was sustained, award made, and an original action was prosecuted by the employer and the insurance carrier to have the award reviewed, and upon a hearing the award was upheld and sustained by the Supreme Court. The opinion is reported in 82 Okla. 229, 200 Pac. 174. The claim of the attending doctor, Ralph V. Smith, and the Oklahoma Hospital of Tulsa was presented in a claim filed in the same case, and an award was made for the benefit of Ralph V. Smith in the sum of $540, and also an award made for the benefit of the Oklahoma Hospital in the sum of $311.95. No appeal was prosecuted from such award, and the time for appeal lapsed. The employer and his insurance carrier failed and refused to pay the amounts so awarded. On the 2nd day of October, 1922, for the use and benefit of the said Ralph V. Smith and Oklahoma Hospital, the State Industrial Commission, in the name of the state of Oklahoma, upon relation of the members of the State Industrial Commission, commenced an action in the district court of Tulsa county to force payment of the items of the award and for 50 per cent. thereof in addition as provided in section 7300, Comp. St. 1921. In due course the employer and insurance carrier demurred to the petition, and the demurrer being overruled, elected to stand upon the demurrer, and judgment was rendered in favor of the plaintiff and against the defendants for the relief prayed for. The defendants appeal.

Opinion by SHACKELFORD, C. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The cause as filed in the district court of Tulsa county is: "State of Oklahoma, upon relation," etc., v. E. L. Robinson and Associated Employers' Reciprocal, a Corporation. The opening paragraph of the petition is as follows:

"Comes now the people of the state of Oklahoma upon the realtion of," etc., "suing on behalf of Ralph V. Smith and Oklahoma Hospital of Tulsa, Oklahoma, upon a certain order of said commission made in their behalf * * * awarding to said Ralph V. Smith the sum of five hundred forty dollars

($540.00) as medical services and the Oklahoma Hospital of Tulsa the sum of three hundred eleven & 95-100 ($311.95) as hospital services for the treatment of one Basil D. McClain, the employe of E. L. Robinson, the defendant."

The order of the commission is attached as Exhibit "1" to the petition. It is alleged that the order had not been appealed from and had become final and constituted a liquidated claim, and that the plaintiff is entitled to judgment for the award so made and for 50 per cent. of the amount to be recovered. Allegations as to the employment of the claimant, the injured employe, Basil D. McClain, followed. It is alleged that the occupation at which he was employed was hazardous, and in the course of such occupation, and in the presence of his employer and his agents, the employe was accidentally injured by being burned, requiring immediate attention to save his life from such injuries; that the urgent necessities of the case did not admit of taking time to give notice in writing or otherwise of the injury, and any such notice would have been useless, since the employer already knew of the injury and the urgent necessity for immediate treatment, and it became the duty of the employer to provide medical and surgical treatment and hospital services, but the employer failed to provide such treatment and the employe provided medical and surgical treatment and hospital services for himself, resulting in the bills above mentioned; that a claim therefor was filed with the State Industrial Commission, and upon a hearing was allowed by it; that the time had elapsed for appeal, but the claim had not been paid. It is further alleged that certain duly authorized agents of the insurance carrier recognized that the doctor should be compensated for his services and offered to pay him $372, but payment of that amount was declined; that after the time had elapsed for prosecuting appeal from the order of the Commission allowing the bills, demand was made upon the employer and insurance carrier that they comply with the order, but the demand was ignored; that a duly authorized agent of the defendants admitted the justice of the claim against them, and that it should be fully paid, and a letter to such effect is attached to the petition as an exhibit; that the State Industrial Commission directed that this action be prosecuted for payment of the bills in compliance with the award of the Commission. The prayer of the petition is for judgment for the amount of the award, together with the 50 per cent. penalty provid-

ed for in section 7300, Comp. St. 1921. To the petition is attached the order of the Commission making the award in favor of Dr. Smith in the sum o. $540, and in favor cf the Oklahoma Hospital in the sum of $311.95. The award was made in the case of Basil L. McClain, Claimant, v. E. L. Robinson, Respondent, and Associated Employers' Reciprocal, Insurance Carrier, claim No. 16418, a claim then pending before the State Industrial Commission. Also attached to the petition is a copy of a letter addressed to Dr. Smith, written by the agent of the insurance carrier, in which this statement is made:

"If the award is finally determined in favor of claimant, it will be necessary for ¬s to reimburse the party making payment to you, and in the event no payment has been made to you we will take pleasure in remitting direct."

In the original petition as filed were other allegations and exhibits attached not necessary to state. To the original petition the defendants filed an unverified answer, denying every allegation and denying that plaintiff has legal capacity to maintain the suit. Later, by permission of the court, but without notice to plaintiff, the defendants withdrew their answer and filed a motion to strike certain redundant matter. This motion seems to have been disposed of by a stipulation resulting in the petition above noted and on which the cause was heard. In the stipulation it was agreed that the parties would stand upon the petition after certain matters were stricken, and demurrer thereto. The defendants' demurrer is upon the following grounds:

(1) That the court has no jurisdiction of the defendants or of the subject-matter.

(2) That the plaintiff has no legal capacity to sue upon the subject-matter.

(3) That there is a defect of parties plaintiff.

(4) That several causes of action are improperly joined.

(5) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

This demurrer was heard and overruled. Defendants excepted and stood upon the demurrer, and judgment was entered for the plaintiff for the relief prayed in the petition. The defendants appeal and the cause is presented here for review. The matters presented for reversal in the petition in error are:

(1) That the court erred in overruling defendants' demurrer to the plaintiff's petition.

(2) That the court erred in rendering judgment for the plaintiff.

(3) That the amount of the judgment is excessive.

(4) That the court erred in overruling defendants' motion for a new trial.

The assignments of error are argued under the following propositions:

"(1) The plaintiff has no legal capacity to sue in the subject of the action * * * and there is a defect of parties plaintiff. .

"(2) That several causes of action are improperly joined.

"(3) The court has no jurisdiction of the subject-matter, nor does the petition state facts sufficient to constitute a cause of action, because:

"(a) The award of the Industrial Commission does not recite necessary jurisdictional facts.

"(b) The petition does not recite the necessary jurisdictional prerequisites of the Industrial Commission.

"(c) The Industrial Commission had no power to make the award directly to the physician or the hospital."

"(4) The 50 per cent. penalty clause of the Workmen's Compensation Act is unconstitutional, because:

"(a) It deprives the defendants of property without due process of law.

"(b) It does not give defendants the equal protection of the law.

"(c) It is a special law regulating the practice before the courts and providing for the changing of the method for collection of debts and the enforcement of judgments."

The defendants say there was no capacity to sue and a defect of parties plaintiff. It is insisted that the action is improperly brought as "State of Oklahoma upon the relation," etc., for the reason that the section of our statute authorizing the action provides: "May be recovered in an action to be instituted by the Commission in the name of the people of the state." The contention amounts to saying that the style of the action should have been "People of the State upon relation," etc. In support of this contention the defendants cite cases where the court has held that process must issue in the name of "The State of Oklahoma," since the Constitution so provided. In the constitutional provision (sec. 19, art. 7) the language is prescribed in a manner that makes it plain that the authors of the provision were prescribing the particular language or words to be used. An examination of the statute here makes it plain that the Legislature was not prescribing particu-

lar words to be used in giving the style of an action brought by the Commission. If the lawmakers had been prescribing particular words, surely they would not have said "people of the state" without adding "Oklahoma." The people of the state form an entity, in the prosecution of actions either civil or criminal, and the name of such entity is "State of Oklahoma," and this is, no doubt, what the Legislature intended in the act. The pleading sufficiently shows that the action is brought in the name of the "people of the state" when in the caption appears "State of Oklahoma upon relation," etc., and the pleading recites, "Comes now the people of the state of Oklahoma upon the relation," etc. Under the provision of 'section 7300, Comp. St. 1921, the State Industrial Commission has capacity to sue in the name of the state upon relation of the Commission. The contention that plaintiff has no legal capacity to sue, and that there is a defect of parties plaintiff, cannot be maintained.

The second contention is that several causes of action are improperly joined. The suit is brought to enforce the order of the Commission making an award in the claimant's (Basil D. McClain's) case before the State Industrial Commission for the benefit of the claimant's doctor, who rendered professional services, and for hospital service rendered to him. It was one order and constituted one cause of action. Before the Commission was presented the claim of Basil D. McClain for his unpaid doctor bill in favor of Dr. Ralph V. Smith and for his unpaid hospital expense in favor of Oklahoma Hospital of Tulsa. The order was made in the case styled "Before the State Industrial Commission of the State of Oklahoma. Basil D. McClain, Claimant, v. E. L. Robinson, Respondent, Associated Employers Reciprocal, Insurance Carrier, claim No. 16,-416." The order made allowing the doctor bill and hospital expense was in the nature of an ancillary order in the main case, in which Basil D. McClain had been awarded compensation. The action here brought was not so much for a collection of the items as to force compliance with the order of the State Industrial Commission, although the ultimate results are the same. The plaintiff's suit is upon the ancillary award made, and constitutes one cause of action. A copy of the award is attached to the petition and the suit is brought upon the award. There seems to be no improper joinder of causes of action, since the exhibit shows there was one award containing the two items. In bringing the action the Commis-

sion was not required to separate the award into different causes of action.

In the defendants' third proposition it is contended that the court had no jurisdiction of the subject-matter, and the petition was insufficient, for the reasons enumerated.

We think section 7300, Comp. St. 1921, in providing a means for enforcing compliance with orders of the State Industrial Commission in the courts, sufficiently conferred jurisdiction upon the court over the subject-matter. But it is insisted that the allegations of the petition are insufficient in that all the jurisdictional facts are not alleged showing that the Industrial Commission had jurisdiction to make the award. The particular matters pointed out are that it is not alleged that the defendant Robinson had in his employ "more than two workmen"; that it is not alleged that the employe requested his employer to furnish treatment and the request was refused, and such jurisdictional matters are not found or stated in the order of the Commission making the award. It is insisted that the State Industrial Commission, if a tribunal, has only limited jurisdiction; and before suit can be maintained upon the award the plaintiff's petition must allege every jurisdictional fact necessary to the jurisdiction of the Commission. Defendants cite in support of this contention Rhyne v. Manchester Assur. Co., 14 Okla. 555, 78 Pac. 558. It seems that case was an appeal from the justice of the peace court. The court said:

"Where jurisdiction has once attached, the usual presumptions are always entertained as to all subsequent proceedings. * * *"

The award made for the benefit of the doctor and the hospital was a subsequent award, and was ancillary to the main case. An award had been made to the claimant for his own compensation. This award was contested by an original action here, and the award was sustained. It seems that this court will take judicial notice of its own opinions and judgments. It seems that this should be sufficient answer to the contention that it is not alleged that the defendant had more than two employes, under the authority cited. That is, the court here sustained the award made to the claimant, in effect holding that the Commission had jurisdiction of the claim, and, if so, the jurisdiction to make the later award will be presumed. There is another case cited, but it does not seem to be controlling. In addition to the above, it is to be noted that the petition charges that at the time of McClain's injury the defendant and his agents were present upon

the lease being operated. It seems that such allegations would be sufficient as against a general demurrer. The defendants say the word "agents" might mean lawyers or any other character of agents besides co-employes on the lease; but it seems it might also mean employes. We think the petition is not fatally defective because it was nowhere alleged in so many words that defendant Robinson had "more than two workmen" employed on the lease.

The second defect pointed out is that it is not alleged in the petition that the employe requested the employer to furnish treatment. It is in substance and effect alleged in the petition that the accident occurred in the presence of the employer and his agents, and that it was patent that the injured employe had no time to give notice or to make requests for treatment in writing or otherwise, and that the emergency was such that immediate emergency treatment must be administered or death from the injury would result, and yet the employer failed in his duty to furnish treatment. This is admitted by the demurrer to be true. No formal request is alleged, but under the allegations of the petition a condition is presented which, stronger than words could have conveyed, challenged the attention of the employer and demanded that he acted in the matter to save the life of an employe, and yet, admittedly, he stood idly by and did nothing. The very condition presented was more than a request for treatment. It demanded action upon the part of the employer, a demand which was ignored, according to the petition, amounting to and having the same effect as a refusal. The defendants cite many cases in support of their contention that there must have been a request made by the employe for treatment before he would be authorized to charge the expense of the treatment to the employer and the insurance carrier. It seems that in none of the cases cited was the court dealing with a condition of the character presented by this petition. We think that, since the employer himself was present when the injury occurred, which most urgently demanded treatment to save the life of the employe, formal request for treatment was unnecessary to give the Industrial Commission jurisdiction to examine and allow the doctor bill and hospital expense in favor of the claimant and against the employer and his insurance carrier.

In the case of Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 Pac. 470, a somewhat similar question arose. In that case the employer had furnished first aid treatment, but the doctor employed was not able to successfully treat the injury and advised the claimant to seek treatment elsewhere. This was done with the knowledge and consent of the employer. The claimant contracted for treatment, and the bill was allowed in his favor and was upheld, although no request for treatment was made. The court here held that the conditions presented had the effect of excusing the formal request. We think there are stronger reasons for excusing the request for treatment in the present case than in the case cited. The demurrer admitted the truth of the allegations as to the great urgency for treatment and the presence of the employer when the accident happened.

It it further contended that the Commission was without power to make an award direct to the doctor and the hospital. The contention is correct, and if, independent of the main case, the doctor had presented his claim or the hospital had presented its claim, we should say that the Commission had no jurisdiction. The Commission determines matters between the injured employe on the one side, and the employer and his insurance carrier on the other. The doctor bill and the hospital bill were not presented independent of the claim of Basil D. McClain, but were presented in his case, and the allowance and award was made for the benefit of the doctor and the hospital because these bills had not been paid to them by the claimant. This seems to have been sufficient. If there was any irregularity about the matter, it was not questioned at the time, nor by original action for review. The agent for the insurance carrier agreed to remit direct to the doctor if an award was made to take care of his bill, or would remit to whomsoever had paid it. They would remit to McClain, if he had paid it, or to the doctor, if McClain had not paid the bill. Since McClain had not paid the bills, the award was made for the benefit of the doctor and the hospital, and since the money was due to be paid over to them, the action prosecuted by the Industrial Commission was properly prosecuted in their behalf.

The final contention is that section 7300, Comp. St. 1921, is unconstitutional and void, at least in so far as it provides for a penalty where the State Industrial Commission brings action to enforce an award. The language attacked is:

"If payment of compensation, or an installment thereof, due under the terms of an award, except in case of appeal from an award, be not made within ten days after

the same is due, by the employer or insurance corporation liable therefor, the amount of such payment shall constitute a liquidated claim for damages against such employer or insurance corporation, which with an added penalty of 50 per centum may be recovered in an action to be instituted by the Commission in the name of the people of the state" —and especially the last clause, "which with an added penalty of 50 per centum may be recovered in an action to be instituted by the Commission in the name of the people of the state."

It is insisted that such provision is in contravention of the "due process of law" and "equal protection of the laws" provision of the Constitution of the United States (section 1, art. 14 of Const. of U. S.), wherein it is provided: "Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws," and in contravention of section 7, article 2, of the Constitution of the state of Oklahoma, which provides: "No person shall be deprived of life, liberty or property without due process of law;" and section 46 of article 5 of the Constitution of the state of Oklahoma, which provides:

"The Legislature shall not * * * pass any local or special law changing the methods for the collection of debts or the enforcement of judgments."

Much learning and research is displayed by the brief-writers in discussing such constitutional question. As we understand, the rule is that courts of last resort were reluctant to strike down a legislative act as unconstitutional unless it is made clearly to appear that the act contravenes some express provision of the Constitution of the United States, or Constitution of the state, or both.

Since the Legislature of 1923 saw fit to amend section 7300, supra, so as to entirely change the procedure for enforcing awards of the State Industrial Commission, we think it unnecessary to discuss at any great length the effect of striking down the said section, or striking down the penalty clause therein contained, further than to say that without the provisions of the said section, including the penalty clause, as the act existed prior to the amendment, there was no effective means of enforcing the award in a case where the employer and insurance carrier ignored it, or refused to comply with it. Without the penalty clause there was no element of danger in refusing to comply with the award or prosecute an action for review. The Industrial Commission could make the award and then must bring an action to enforce compliance with it. In the first instance the Commission would determine the merits in the claim presented, and then if an award was made, in the second instance, the Commission would be compelled to bring an action to force the employer and his insurance carrier to perform their duty by complying with the award; and without the penalty clause the award and the judgment recovered would be substantially the same. The penalty clause was the very teeth of the act, and, no doubt, went far in getting prompt compliance with the orders of the Commission, or prompt prosecution of an original action for review. We think that unless the penalty clause invaded some constitutional right of the defendants, it should be held valid.

Some years ago the Arkansas Legislature passed an act penalizing railroad companies for failing to pay for stock killed within a time fixed by the statute. Under the act the owner was entitled to collect the value of the animal and a penalty of a like amount for the delay, and in addition an attorney fee. In other words, he was entitled to double the value, half for the actual damage, and the other half because of the delay. The act was attacked for the same reasons that the penalty clause of section 7300, supra is attacked. The Supreme Court of the state upheld the act. The case was appealed to the Supreme Court of the United States. The act was upheld as applied to the state of facts presented. In one paragraph of the opinion the court said (Kansas City Southern Ry. Co. v. Anderson, 233 U. S. 325, 58 L. Ed. 983):

"It is also contended by the railway company that the statute deprives it of the equal protection of the laws in that it singles out railroads and subjects them to the payment of double damages and attorneys' fee when litigants in general are not subject to the same burdens. The contention is not tenable."

In support of this proposition the court cited Seaboard Air Line R. Co. v. Seegers, 207 U. S. 73, 52 L. Ed. 108. In the Seegers Case the court said:

"It must be remembered that the purpose of this legislation is not primarily to enforce the collection of debts, but to compel the performance of duties which the carrier assumes when it enters upon the discharge of its public functions."

Penalty provisions have many times been upheld on the theory announced in the last paragraph above quoted. Some of the cases are: Wadley Southern Ry. Co. v. State of Georgia, 235 U. S. 651, 59 L. Ed. 405; Mo.

Pac. Ry. Co. v. Humes, 115 U. S. 512, 29 L. Ed. 463; Atchison, T. & S. F. Ry. Co. v. Matthews, 174 U. S. 96, 43 L. Ed. 909; Yazoo & Miss. Val. R. R. Co. v. Jackson Vinegar Co., 226 U. S. 217, 57 L. Ed. 193; Missouri, K. & T. Ry. Co. v. Cade, 233 U. S. 642, 58 L. Ed. 1135; Kansas City Southern Ry. Co. v. Anderson, supra; Chicago & N. W. Ry. Co. v. Nye Schneider Fowler Co., 260 U. S. 35, 67 L. Ed. 115; Chicago, R. I. & P. Ry. Co. v. Mashore, 21 Okla. 275, 96 Pac. 630; Riter-Conley Mfg. Co. v. Wryn, 70 Okla. 247, 174 Pac. 280; DeWitt v. State, 108 Ohio St. 513, 141 N. E. 551.

A study of the cases cited leads to the conclusion that the penalty clause in section 7300, supra, did not contravene any constitutional right of the defendants. The enforcement of the penalty clause in a proper case constituted due process of law. Its enforcement tends to give, rather than to take from the parties, equal protection of the law. We unhesitatingly say that the act in its entirety, or section 7300, supra, in particular, before the amendment, was not special or local legislation. It seems to have been most general in its character and coextensive with the state. The penalty clause is constitutional and valid, and should be given effect in a proper case.

Section 7300, supra, makes the award of the State Industrial Commission, unpaid, where an original action for review has not been prosecuted, a liquidated claim. The section gives the award the effect of an account stated. Where all the parties were before the Commission, there presenting their respective contentions, and an award was made or refused, and the time lapsed for review as is provided in the act, it seems that the court should give the order of the Commission effect, and where an award has been made, treat and consider it in the sense of a liquidated claim, and give it effect as such. Where the parties were before the Commission, and any were aggrieved by the award, a plain and adequate remedy is fixed by the act to review the proceedings and escape the effect of the penalty clause in section 7300, supra. That remedy is by original action for review in the Supreme Court.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1. 2. 4) Workmen's Compensation Acts, C. J. p. 130, §148. (3) 12 C. J. pp. 1176, §924; 1248, §1032 (Anno); 36 Cyc. p. 1013.