The STATE of Oklahoma ex rel. the POL-
LUTION CONTROL CO., Appellant,

v.

KERR McGEE CORPORATION, a corpora-
tion, et al., Appellees.

No. 46946.

Supreme Court of Oklahoma.

Feb. 18, 1975.

Rehearing Denied April 1, 1975.

Larry Derryberry, Atty. Gen. by Allen Harris, Asst. Atty. Gen., and William Gorden, Jr., Legal Intern, for appellant.

Rucker, Tabor, McBride & Hopkins, Tulsa, Kerr, Davis, Irvine, Burbage & Green, Inc. by Francis S. Irvine, Oklahoma City, for appellee, Kerr-McGee Corp.

Campbell & Campbell, Tulsa, Fitzgerald, Houston & Worthington by Clee Fitzgerald, Stillwater, for appellee, Midland Cooperative, Inc.

HODGES, Justice.

The Pollution Control Coordinating Board (Board) contends that the District Court erred when it sustained the general and special demurrers of Kerr-McGee Corporation (Kerr-McGee), Midland Cooperative Inc. (Midland) and Cushing Tank Car Company, Inc. (Cushing) in its pre-trial order.

The Board brought an action against Kerr-McGee, Midland, and Cushing alleging that as the result of their combined negligence deleterious substances were deposited into Skull Creek which subsequently flowed into the Cimmaron River resulting in the death of 171,804 fish. The action was based on 82 O.S.1971 § 931 et seq. and on common law negligence. Replacement costs of the killed fish and punitive damages were sought.

■ The general demurrer was sustained because the trial court found that the petition failed to state facts sufficient to constitute a cause of action. We find that the general demurrer should not have been sustained. We held in Employers Casualty Company v. Ideal Cement Co., 511 P.2d 1090, 1092 (Okl.1973) that:

"As against defendant's demurrer, plaintiffs petition must be liberally construed, and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any fact stated therein entitled plaintiff to any relief, the demurrer should have been overruled. McKenzie v. Feldman, 434 P.2d 884 (Okl.1967)."

It is provided by § 937(c) of the Pollution Control Coordinating Act of 1968 (now 82 O.S.1971 § 937(b):

"Any person, firm or corporation who violates any of the provisions of, or fails to perform any duty imposed by this Act or regulation issued hereunder, or who violates any order or determination of the board promulgated pursuant to this Act, and causes the death of fish or other wildlife shall, in addition to the penalties provided in subsection (b), be liable to pay to the State an amount equal to the sum of money reasonably necessary to restock such waters or replenish such wildlife as determined by the Oklahoma Wildlife Conservation Commission and approved by the board. Such amount may be recovered by the board on behalf of the State in a civil action brought in the District Court."

The trial court also sustained the special demurrer of Kerr-McGee, Midland and Cushing based on the contention that the measure of damages provided by the statute violated their constitutional guaranty of due process of law because the penalty imposed so greatly out of proportion to the possible actual damages sustained by the state. We do not agree.

■ The enforcement of a penalty clause has been held in proper cases to constitute due process of law. See Robinson v. State, 116 Okl. 131, 244 P. 44 (1926) for list of cases. The enforcement of the statute in question tends to give, rather than take from the parties, equal protection of law. The statute, 82 O.S.1971 § 937(b) provides for a hearing in civil court and 82 O.S.1971 § 936(e), (f) and (i) require notice and hearing.

St. Louis, I. M. & S. R. Co. v. Williams, 251 U.S. 63, 66, 40 S.Ct. 71, 64 L.Ed. 139, 141 (1919), quoted Missouri Pacific R. Co. v. Humes, 115 U.S. 512, 523, 6 S.Ct. 110, 29 L.Ed. 463, 466 (1885):

"* * * the power of the state to impose fines and penalties for a violation of its statutory requirements is coeval with government; and the mode in which they shall be enforced, whether at the suit of a private party, or at the suit of the public, and what disposition shall be made of the amounts collected, are merely matters of legislative discretion * * *."

■■ Penalties may be used to enforce general police regulations of the state. Broadhead v. Monaghan, 238 Miss. 239, 117 So.2d 881, 892 (1960) quoted 16A C.J. S. Constitutional Law § 640, p. 899 con-

cerning the power of the legislature to provide penalties:

"While the power to provide penalties rests in the legislative branch of the government, and cannot be delegated, the power to inflict the penalties does not belong to the legislature but to the judiciary, which cannot inflict them without first affording an opportunity to be heard in court, although in some instances where the act punishable is not a crime it has been vested in administrative officers without resulting in denial of due process. * * *

"Penalties may be used to assist in executing license and revenue laws, and in general to enforce police regulations. * * * A statutory provision for a reasonable and measured recovery, as a civil penalty, for violation of a statute involving the public interest is not violative of the due process clause.

* * * * * *

"Due process of law with respect to the imposition of penalties requires that the legislature shall prescribe the amount of the penalty, or some definite standard for fixing the amount, or else that the amount shall be determined in a judicial proceeding instituted against the offender. * * *."

Several decisions have upheld the validity of state anti-water pollution statutes against the argument that they constituted an unlawful taking of property rights without compensation as a proper exercise of the police power of the state. See Commonwealth v. Emmers, 221 Pa. 298, 70 A. 762 (1908); Cooper v. State, 48 N.Y.S. 2d 212 (Ct.Cl.1944); 32 A.L.R.3rd 215, 255.

In Kansas City Southern Ry. Co. v. Anderson, 233 U.S. 325, 34 S.Ct. 599, 58 L.Ed. 983 (1914), the United States Supreme Court considered an Arkansas Act which penalized railroad companies for failure to pay for stock killed within the time fixed by statute. The Act provided that the owner was entitled to collect the value of the animal and a penalty of a like amount for delay or double the value of his animal and an attorney fee. This statute was attacked on the basis that it was in contravention of due process of law and equal protection of the law.

 The Supreme Court held that the purpose of the legislation was not primarily to enforce the collection of debts, but to compel the performance of duty. See Seaboard Air Line R. Co. v. Seegers, 207 U.S. 73, 28 S.Ct. 28, 52 L.Ed. 108 (1907). We believe that the same logic is applicable in this case.

Appellees also argue that they were not given notice of meetings of the Oklahoma Wildlife Commission. Notice is required by 82 O.S. 936(f) and (i) which incorporates the Administrative Procedures Act. The second meeting of the Commission was solely to readjust the amount of recovery to be sought in the civil action in district court. The amended petition of the state and the answers to interrogatories allege that the Wildlife Commission met pursuant to the procedures prescribed by the Pollution Control Co-Ordinating Act. A demurrer is to be liberally construed and admits all facts well pleaded in the petition and all inferences which may reasonably be drawn therefrom. Board of Governors of Registered Dentists v. Melton, 428 P.2d 205, 207 (Okl.1967).

We believe the statute in question conforms with the standards of due process. Notice and the opportunity for hearing is provided by terms of the statute. Whether the statute was followed and actual notice given is a question of fact to be determined by the trier of the facts.

Reversed and remanded.

WILLIAMS, C. J., and BERRY, SIMMS and DOOLIN, JJ., concur.

IRWIN, LAVENDER and BARNES, JJ., dissent.