**Maureen L. LAY, Appellant,**

v.

**TULSA COUNTY INDEPENDENT SCHOOL DISTRICT NO. 3, Broken Arrow Board of Education, Earl Simmons, Theo Smith, Max Brisey, Jim Goodwin, D. C. Anderson, Walt Blankenship, and F. A. Petrick, Appellees.**

**No. 49491.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 8, 1977.

Rehearing Denied March 15, 1977.

Certiorari Denied April 18, 1977.

Released for Publication by Order of Court of Appeals May 12, 1977.

Ungerman, Grabel & Ungerman by Maynard I. Ungerman, Tulsa, for appellant.

Edwards & French by Larry L. French, Seminole, and Farmer Woolsey, Tips & Gibson, Tulsa, for appellees.

ROMANG, Judge:

This is an appeal from the District Court's order sustaining the Appellee-Defendant's demurrer. The Appellant-Plaintiff was a school teacher with the Defendant Tulsa County Independent School District No. 3, Broken Arrow (School). The Appellant filed this action against the School and the School Board members alleging improper non-renewal of her non-tenured contract, dismissal without due process, and dismissal for illegal reasons. The Defendant demurred and was sustained.

On appeal a number of issues are presented but only one need be addressed. The threshold question was whether a letter sent to the Appellant by the School on April 3, 1975 was notice of termination under 70 O.S.1971, § 6–101 E. This statute provides for automatic renewal unless, *inter alia,* the teacher is "notified . . . in writing by registered or by certified mail that he will not be employed for the ensuing fiscal year . . . ."

■ A demurrer to a petition is to be overruled if the facts, well pleaded, set forth any basis for a cause of action. *State ex rel. Pollution Control Co. v. Kerr McGee Corp.,* 532 P.2d 1386 (Okl.1975). Legal conclusions should not be pleaded and must be ignored in testing a petition. *Mohoma Oil Co. v. Ambassador Oil Corp.,* 474 P.2d 950 (Okl.1970). The adequacy of a petition is judged by the "four-corners" of the petition. *Great Am. Ins. Co. v. Watts,* 393 P.2d 236 (Okl.1964).

■ In support of the District Court's ruling the Appellee argues that the Appellant's petition admits receipt of a letter notifying her of non-renewal by April 10th. Appellee concedes that the letter referred to the wrong statute but contends this is irrelevant since the requirements of 70 O.S. 1971, § 6–101 E were met. But search the petition as we might we cannot read it as the Appellee does. While we agree that the petition is not a model of clarity and that it contains a vast array of legal conclusions, we, nevertheless, find allegations which, if proven, constitute a cause of action. Appellant pleaded, *inter alia,* that she was not notified prior to April 10th "of a final decision not to rehire her," and, while admitting the receipt of a letter dated April 3rd, contends that this letter "was notice of action pending by the School Board under Title 70 O.S. 6–102(e)." Appellee contends the section reference was a typographical error and that the notice was adequate. We agree in principle that the notice provision of § 6–101 E should be read for substance and not form, but *as alleged* it only referred to "action pending" under § 6–102(e), a non-existent statute. Notice of an "action pending" is not notice of a decision. The letter was not incorporated by reference and is not part of the record on appeal. The materiality of the other issues may well depend on whether Appellant was notified of non-renewal as required by § 6–101 E or not. But this issue cannot be tested on the petition as it now stands. It alleges there was no notification as required. While part of this is a legal conclusion it clearly depends on the content of a letter not before us or the District Court on a demurrer. While this may ultimately be a proper matter for a summary judgment, it was not proper for a demurrer.

The remaining issues relate to the adequacy of a hearing, issues of estoppel, and complaints about the reasons for nonrenewal/dismissal. It is important to the resolution of these issues that we know whether Appellant had been notified of nonrenewal or whether we are concerned with dismissal. We cannot address the remaining issues until the non-renewal question is decided. We, therefore, reverse and remand the case for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.